## James Reardon v. A. D. Smith.

1. APPELLATE COURT PRACTICE—*Pointing Out Objections to Instructions.*—When an appellant complains of instructions as erroneous, it is his duty to point out specifically the error complained of, otherwise the court will be under no obligation to consider error assigned thereon.

2. PRACTICE—*Waiving Arguments.*—A plaintiff may waive his opening argument to the jury, and if the defendant then waives his own argument, the plaintiff will not be entitled to close, but the case will go to the jury without argument.

**Assumpsit,** for physician's services. Error to the Circuit Court of Grundy County; the Hon. GEORGE W. STIPP, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed December 17, 1897.

E. L. CLOVER, attorney for plaintiff in error.

S. C. STOUGH, attorney for defendant in error.

MR. PRESIDING JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

Defendant in error sued plaintiff in error before a justice of the peace to recover a balance claimed to be due him for services rendered as a physician.

On a trial before the justice, defendant in error recovered a judgment for $48.91 and costs, from which judgment plaintiff in error appealed to the Circuit Court, where, upon a trial by jury, defendant in error had a verdict for $33.91, and a motion for new trial being overruled, judgment was entered on the verdict.

While numerous errors are assigned upon the record, only two are relied on in argument, as grounds for reversal. These are, first, error in giving certain instructions at the instance of defendant in error; and second, in the rulings of the court upon the argument of the cause to the jury.

So far as the first objection is concerned, counsel for plaintiff in error does not attempt to point out in his argument, wherein the instructions complained of are erroneous.

Reardon v. Smith.

He asserts the proposition that the instructions are manifestly wrong, but leaves it to us to ascertain for ourselves where the error lies. When it is insisted that instructions are so erroneous as to be cause for reversing a judgment, it is the duty of counsel to point out specifically the errors complained of, otherwise we do not feel under obligations to consider the error assigned thereon. Nevertheless, in this case we have carefully examined the instructions complained of, and do not see that they are seriously open to criticism. They seem to be in substantial conformity with Sec. 17, Chap. 83, Rev. Stat., upon the subject of limitations as applied to mutual accounts.

As to the second error relied on, we think plaintiff in error is not in a position to raise the question in this court.

The situation, as we understand it, was this: At the close of the evidence counsel for plaintiff (below) stated that he waived the opening argument to the jury. To this counsel for defendant objected, but stated that he was willing to waive his argument to the jury, provided counsel for the plaintiff should make no argument. The court ruled that plaintiff could waive an opening argument, and then, if counsel for defendant made no argument, the plaintiff would have a right to make a closing argument While the ruling of the court was excepted to by plaintiff in error, yet his counsel proceeded to argue the case to the jury, which certainly gave a clear right to the plaintiff to make a closing argument. We think that by arguing the cause to the jury, plaintiff in error waived any objection to the ruling of the court in that behalf. Had he refused to argue the case, then, if the court had permitted counsel for the plaintiff (below) to make a so-called closing argument, and the proper exceptions had been taken, the question would have been saved for the consideration of this court. As the record now stands, we think there is nothing in that question for us to pass upon, and yet it is not improper for us to say that in our opinion the court was in error as to the correct practice in such cases. Our understanding of the rule is, that the plaintiff may waive the opening argument to the

jury, and if the defendant waives an argument to the jury on his part, the case will go to the jury without argument. But when the plaintiff waives the opening, and the defendant makes an argument, the plaintiff will have the right to close, although he has made no opening argument.  Trask v. The People, 151 Ill. 523.

Finding no reversible error in the record, the judgment will be affirmed.