## F. A. Mossman v. Gertrude Thorson, et al.

### Gen. No. 4,462.

1. INJUNCTION—*collusion ground for dissolution of.* Where a bill of complaint upon which an injunction is granted is collusively filed, an injunction issued thereon is properly dissolved.

2. EVIDENCE—*method of obtaining, does not affect admissibility of.* Notwithstanding papers and other subjects of evidence may have been illegally taken from the possession of the party against whom they are offered, or may have been otherwise unlawfully obtained, still this is not a valid objection to their admission in evidence if they are pertinent to the issue.

3. SOLICITOR'S FEES—*how proof of, should be made, under suggestion of damages.* Where after the dissolution of an injunction hearing is had upon a suggestion of damages, it is indicated by the court as the best practice, to show what, if any, specific fee for obtaining dissolution was agreed upon.

Bill for injunction. Appeal from the Circuit Court of Grundy County; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in this court at the October term, 1904. Affirmed. Opinion filed March 8, 1905.

J. W. RAUSCH, for appellant.

No appearance for appellees.

MR. JUSTICE DIBELL delivered the opinion of the court. Leon F. Mossman and Gertrude Mossman were husband

and wife, and lived with F. A. Mossman, the father of the husband, and had in use in the home of the father certain household furniture and other personal property acquired by them, or one of them, before or during their marriage. The wife obtained a divorce from her husband and resumed her maiden name of Gertrude Thorson, and claimed and demanded from her father-in-law certain specified articles of said property previously possessed by herself and husband. Not being able to obtain them she brought a replevin suit before a justice of the peace against F. A. Mossman to recover them. Leon F. Mossman had removed to Iowa. The father obtained a continuance of the replevin suit, and thereupon filed this bill of interpleader against Gertrude Thorson and Leon F. Mossman to have them litigate in equity the ownership of the property described in the writ of replevin. The bill averred complainant was not acting in collusion with either of the parties, and had no interest in the property. A temporary injunction was granted by the master. Thereafter Gertrude Thorson made a motion to dissolve the injunction, which was heard upon affidavits, and upon that hearing the court found that the bill was exhibited through collusion between the father and the son, and dismissed the bill, and upon a suggestion of damages awarded the defendant $50 for her solicitor's fees in securing a dissolution of the injunction. This is an appeal by the complainant.

The proof showed that complainant did not act as an indifferent person when the constable, accompanied by Gertrude Thorson, came to his house to serve the writ of replevin, but that he refused to surrender the goods and refused to permit the constable to enter his house and take them. Complainant's solicitor had been solicitor for Leon in the divorce suit. After the continuance in the replevin suit, said solicitor prepared a notice to be signed by Leon and served upon his father, and wrote to Leon of the commencement of the replevin suit and that he was going to carry the case into the Circuit Court, meaning evidently that he was going to file this bill of interpleader. The so-

licitor directed Leon to copy and sign the notice, the obvious purpose being so that when notice should afterwards be offered in evidence in the interpleader suit it would not appear to be in the handwriting of the complainant's solicitor. Leon did copy and sign the notice and send it to his father. The purport of the notice was not to give up the goods in question to Gertrude Thorson, and that he, Leon, would hold his father responsible for them. The bill of complaint was based upon this notice. We are entirely satisfied with the conclusion of the chancellor that the evidence showed that this bill of interpleader was filed by collusion between the father and the son, and that the purpose of the father was to aid his son to retain the property.

Complainant introduced evidence tending to show that Gertrude Thorson's solicitor obtained possession of the original copy of the notice prepared by complainant's solicitor and of his letter sent to Leon therewith, by means of a decoy letter, whereby Leon was induced to mail said papers in an addressed envelope which in fact went to the post office box and possession of Gertrude Thorson's solicitor. It is argued that this conduct was highly improper and fraudulent, and that Gertrude Thorson ought not to be permitted to have the benefit of the evidence thus obtained. The rule is laid down in 1 Greenleaf on Evidence, section 254a, that though papers and other subjects of evidence may have been illegally taken from the possession of the party against whom they are offered or may have been otherwise unlawfully obtained, still this is not a valid objection to their admission in evidence if they are pertinent to the issue. 11 Am. & Eng. Ency. of Law, 2nd. Ed., 548, note 1. This rule was approved and adopted in this state in Gindrat v. People, 138 Ill. 103; Siebert v. People, 143 Ill. 571; and Trask v. People, 151 Ill. 523. The thing material to the court is to ascertain the truth. Courts admit all competent and pertinent evidence, unless it has been obtained by some method subversive of constitutional right, as by compelling a party to produce evidence against himself where the constitution forbids such compulsion.

It may be the proof offered in support of the suggestion of damages was defective in not showing whether any sum had been agreed upon between Gertrude Thorson and her solicitor as compensation for obtaining a dissolution of the injunction. But the sum awarded was only one-half the amount which the proof showed was a reasonable and customary fee for that service, and it is so reasonable that we are of opinion the allowance ought not to be reversed because of the failure of the solicitor to testify whether or not any specific fee had been agreed upon. This supposed defect in proof was not suggested in the court below, where it might have been remedied.

The decree is affirmed.

*Affirmed.*