Edward A. Trask

*v.*

The People of the State of Illinois.

| 151 | 523 |
|-----|-----|
| 63a | 665 |
| 151 | 523 |
| 73a | 676 |
| 151 | 523 |
| 79a | 133 |
| 151 | 523 |
| 83a | 373 |

*Filed at Ottawa, May 8, 1894.—Rehearing denied, October Term, 1894.*

1. Continuance—*absence of witnesses—diligence*.  A party was indicted on March 2, 1892, and on the 20th day of April the cause was placed on the trial docket, and on the next day the cause was called for trial, in the absence of his counsel. He filed an affidavit for a continuance, on the ground of the absence of certain witnesses, which motion was denied.   The affidavit failed to show any effort to subpœna the witnesses until the day before the cause was called for trial, and even then no subpœnas were taken out.  Defendant was out on bail until two or three days before the case was called for trial, during which time he made no effort to procure the witnesses named in his affidavit, which also failed to state the residence of the witnesses:   *Held*, that the motion was properly overruled for want of diligence to procure his witnesses, and for the omission in the affidavit to state their residence.

2. Same—*discretion of the court*.  After the motion for continuance was overruled his counsel appeared and asked for time to prepare a formal written motion for a postponment of the trial, which application was denied.  No reason for the absence of counsel was shown:  *Held*, that the application was a matter resting to a great extent in the sound discretion of the court, and that there was no error in refusing the application.

3. Criminal Law—*witness not indorsed on indictment*.  In the trial of a criminal case the people are not confined to the list of witnesses indorsed on the indictment, but the court, in the exercise of a sound discretion, may permit such other witnesses to testify as the justice of the case may require.

4. SAME—*reasonable doubt.* On the trial of one for forgery, the court modified an instruction asked by the defendant as to a reasonable doubt, which was too broad, so as to make it read: "The court instructs the jury as law, that if you have a reasonable doubt of the guilt of the defendant of the offense charged against him, you should find him not guilty": *Held,* that the question of a reasonable doubt was thereby fairly and properly submitted to the jury.

5. SAME—*forgery—indictment—variance between allegations and proof.* While it is not necessary to set out in an indictment a forgèd instrument *in hœc verba,* yet when the pleader does so, he is bound to set out each and every part thereof which constitutes any part of the written contract, and a failure to do so may be fatal on the trial.

6. SAME—*materiality of variance.* An indictment for forgery set out the forged bill as follows: "New York, June 16; 1892—$250—No. 566. At sight pay to the order of G. C. G., two hundred and fifty dollars with exchange, value received, and charge to the account of C. C. B. & Co. To C. C. B. & Co., 115 Broadway." The draft admitted in evidence, instead of being addressed to C. C. B. & Co., 115 Broadway, as alleged in the indictment, was drawn to "C. C. B. & Co., Broadway, New York": *Held,* no material variance, as the words, 115 Broadway, New York, were no more than a mere description of the residence of the drawees.

7. EVIDENCE—*papers unlawfully obtained.* Although letters or papers may be unlawfully obtained by an officer from the possession of a party charged with crime, this will afford no valid objection to their admissibility in evidence against him, if they are otherwise competent evidence.

8. SAME—*admissibility on re-direct examination.* On the trial of one for forgery, a witness on his re-direct examination, after a long cross-examination, was allowed to testify to the statement of a third person in relation to a certain transaction, over the objection of the defendant, that the evidence was not a proper re-direct examination: *Held,* that if the evidence was admissible at any stage, as the objection seemed to imply it would be, there was no error to allow it to be introduced on the re-direct examination.

9. PRACTICE—*waiving opening argument.* Under the practice in this State, the plaintiff may waive the opening argument to the jury, and if the defendant waives an argument on his part, the case will go to the jury without argument. But when the plaintiff waives the opening, and the defendant makes an argument, the plaintiff will have the right to close, although he has made no opening argument.

WRIT OF ERROR to the Criminal Court of Cook County; the Hon. FRANK BAKER, Judge, presiding.

Mr. ALFRED MOORE and Mr. CHARLES T. PALMER, for the plaintiff in error:

The court erred in not granting the motion for a continuance, and also in not granting the counsel of accused time to prepare motion for continuance. Constitution, Bill of Rights, secs. 9 and 19; *Weyrich* v. *People*, 89 Ill. 90.

The court erred in admitting in evidence the draft described as payable at "115 Broadway," because at variance with that set out in the indictment. 1 Starr and Curtis' Stats., 785, sec. 107; Constitution, art. 2, sec. 9; 2 Bishop Cr. Pr., secs. 462, 467 and 473; 1 id., sec. 559; *Dana* v. *State*, 2 Ohio St. 1191; *Langdale* v. *People*, 100 Ill. 263; *Hart* v. *State*, 20 Ohio, 49; *Goodhue* v. *People*, 94 Ill. 37; *Williams et al.* v. *People*, 101 id. 382; *Cross* v. *People*, 47 id. 152; *Brown* v. *People*, 66 id. 344.

And also, because it was not a note of the class described in the indictment, viz.: "for the payment of money and property." 2 Starr & C., 1652, sec. 3; 1 Whar. Cr. Law, sec. 728; 1 Whar. Cr. Pr. & Pl., sec. 183; 1 Whar. Cr. Ev., sec. 114, and cases cited; *State* v. *Bean*, 19 Vt. 530; *Hart* v. *State*, 20 Ohio, 49.

The court erred in admitting in evidence the valise and its contents, which were taken from the domicile of the accused by an unlawful search. Constitution, Bill of Rights, sec. 6; Criminal Code, division 8, sec. 2; 1 Starr & C. Stats. 851; *Langdon* v. *People*, 133 Ill. 395; *Com.* v. *Dana*, 2 Met. 329; *Spies et al.* v. *People*, 122 Ill. 232.

Mr. MAURICE T. MOLONEY, Attorney General, Mr. T. J. SCOFIELD and Mr. M. L. NEWELL, for the people:

There was no error in overruling motion for a continuance. *Chicago & N. W. Railway* v. *Ingersoll*, 65 Ill. 399; *Richards Iron Works* v. *Glennon*, 71 id. 11; *Moore* v. *Goelitz*, 27 id. 18; *Day* v. *Gelston*, 22 id. 102; *Porter* v. *Triola*, 84 id. 325; *Ault* v. *Rawson*, 14 id. 484; *Jarvis*

v. *Shackloch*, 60 id. 378; *Anheuser-Busch*, etc., v. *Hut-macher*, 127 id. 652; *N. Ch. Ry. Co.* v. *Gastka*, 128 id. 613.

The affidavit should show the residence of the witness. *Lee* v. *Quirk*, 20 Ill. 392; *Shirwin* v. *People*, 69 id. 55.

An affidavit for continuance for testimony should show diligence, necessity of such testimony, and probability of securing it at the next term. *Eames* v. *Hennessy*, 22 Ill. 628.

Whether a continuance should be granted, because of the absence of one of the parties, is so largely a matter of discretion, that its refusal is not error, unless it is manifest that such discretion has been abused, and injustice has resulted. *Harris* v. *Rose*, 36 Ill. App. 237.

The denial of the request of the plaintiff in error for leave to prepare and present a motion for a continuance or postponement of said cause, after a similar motion had been overruled, was a matter resting entirely within the discretion of the court, and for which, we think, an error can not be assigned. *Stockley* v. *Goodwin*, 78 Ill. 127; *McBain* v. *Enloe*, 13 id. 76.

As to the question of variance, see *Gahan* v. *People*, 58 Ill. 160; *Johnson* v. *State*, 46 Ga. 269; *Com.* v. *Riggs*, 14 Gray, 376; *Miller* v. *People*, 39 Ill. 457; *Shepherd* v. *People*, 72 id. 480; *Penrod* v. *People*, 89 id. 150.

Witnesses may be examined whose names are not indorsed on the indictment. See R. S., chap. 78, sec. 17.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an indictment for forgery. In some of the counts the defendant, Edward A. Trask, was charged with fraudulently and feloniously making a certain bill for the payment of money, while in other counts it was charged that the defendant fraudulently and feloniously did pass, utter and publish a certain fictitious bill, and other instrument of writing, for the payment of money, etc. On a

trial before a jury the defendant was found guilty, and the court, after overruling a motion for a new trial, rendered judgment on the verdict. The defendant was indicted on the 2d day of March, 1892; on the 20th day of April the cause was placed on the trial docket, and on the next day called for trial, in the absence of defendant's counsel. The defendant requested the court for a continuance, and in support of the motion filed his affidavit, alleging the absence of certain witnesses. The statute provides:

"When either party shall apply for a continuance of a cause on account of the absence of testimony, the motion shall be grounded on the affidavit of the party so applying, or his authorized agent, showing that due diligence has been used to obtain such testimony, or the want of time to obtain it, and what particular fact or facts the party expects to prove by such evidence, and if the evidence is the testimony of a witness, his place of residence, or if his place of residence is not shown, showing that due diligence has been used to ascertain the same, and that if further time is given, his place of residence can be ascertained." Hurd's Statute, chapter 110, section 43.

The affidavit fails to show any effort to subpœna the witness until the day before the cause was called for trial, and even then no subpœnas were taken out. This was not such diligence as is required by the statute. The defendant was out on bail after he was indicted, until two or three days before his case was called for trial, and during all that time no effort was made to procure the witnesses named in his affidavit. Moreover, the affidavit fails to state the residence of the witnesses, as required by statute, and on account of this defect, if for no other, the court was justified in overruling it. Upon overruling the motion for a continuance, counsel for the defendant appeared in court, and requested the court for time to prepare a formal written motion for a postponement of the cause. This application was denied. Whether the court would grant time for a further or more

formal application to postpone the cause, was a matter resting to a great extent in the sound discretion of the court, and, so far as appears, that discretion was properly exercised. The defendant's case had been placed on the trial calendar the day before, and no reason was shown why his counsel was absent when the case was called for trial.

It is next claimed, that there was a fatal variance between the draft set out in the indictment and the one read in evidence. That set out in the indictment was as follows:

"Protest. Take this off before presenting. Papers accompanying this draft must not be delivered unless draft is paid.

OFFICE OF C. C. BEST & Co.,
Bonds, Stocks and Investment Securities.

NEW YORK, June 16, 1892.
$250.                                          No. 566.

At sight pay to the order of Geo. C. Gaskell ($250) two hundred and fifty dollars with exchange, value received, and charge to the account of

C. C. BEST & Co.

To C. C. BEST & Co.,
          115 Broadway."

Indorsed,                    "GEO. C. GASKELL,
                              EDWARD A. TRASK."

The draft admitted in evidence, instead of being drawn "To C. C. Best & Co., 115 Broadway," as alleged in the indictment, was drawn "To C. C. Best & Co., Broadway, *New York*."

While it is not necessary to set out in the indictment a forged instrument in *hæc verba*, yet, when the pleader does so, he is bound to set out each and every part of the written instrument which constituted any part of the written contract, and a failure to do so might be fatal. *Langdale* v. *The People*, 100 Ill. 268. It is apparent that there is a variance between Broadway, New York, and 115 Broadway;

but, is 115 Broadway, or Broadway, New York, any part of the instrument set out in the indictment? We do not think they are. Those words are nothing more than a mere description of the drawees' residence.

Whether the instrument contained the one or the other, in no manner affected the right or obligation of any of the parties to the instrument, and hence the variance between the instrument set out in the indictment and the one offered in evidence was not a material one.

After the defendant was arrested, and while he was out on bail, an officer found, in a room occupied by him, a valise containing a large number of papers. These papers the officer took into his possession, in the absence of the defendant, and they were produced on the trial and put in evidence, and it is claimed that the court erred in admitting in evidence the valise and its contents, on the ground that the possession of the papers was unlawfully obtained. The same question arose in two recent cases: *Gindrat* v. *The People*, 138 Ill. 103, and *Siebert* v. *The People*, 143 id. 583, and we there held, that, although letters or papers may be unlawfully obtained by an officer from the possession of a party charged with crime, this will afford no valid objection to their admissibility against him, if they are otherwise competent evidence. The decision in the cases cited is conclusive of the question here raised.

It is next claimed, that the court erred in permitting witnesses to testify whose names were not on the indictment. In the trial of a criminal case, the people are not confined to the list of witnesses indorsed on the indictment; but the court, in the exercise of a sound discretion, and having a strict regard to the rights of the public and the prisoner, may permit such other witnesses to testify as the justice of the case may seem to require. *Logg* v. *The People*, 92 Ill. 598; *Bulliner* v. *The People*, 95 id. 394. The court permitted the witness Wolf to testify, on re-direct examination, that he gave

34—151 Ill.

"Grenier $25 to come to Chicago with," "and Grenier stated with the advance he would raise for the witness $100," and it is claimed the transaction between Wolf and Grenier was not competent evidence against the defendant. Grenier and the defendant occupied an office with Wolf, in New York. Grenier was known as the company of C. C. Best & Co., while the defendant held himself out as C. C. Best, or was C. C. Best. The relations of the two seem to have been quite intimate, but whether the declaration of Grenier was competent evidence against the defendant, it will not be necessary to determine, as the evidence was not objected to, on the ground that it was the declaration of a third party, and not binding; but the only objection interposed was that he evidence was not proper re-direct examination. The witness had been cross-examined at great length, and if the evidence was admissible at any stage of the case, as the objection seems to imply it would be, we do not think the court erred in allowing it to be introduced in re-direct examination. The defendant objected to counsel for the people making a closing argument to the jury, on the alleged ground that the people had waived the opening argument, and that was a waiver of the right to close.

Under the practice in this State, the plaintiff may waive the opening, if he desires; then, if the defendant waives an argument on his part, the case will go to the jury without any argument. But when plaintiff waives the opening, and the defendant makes an argument, the plaintiff has the right to close, although he has made no argument. This we regard as the established practice.

It is also insisted that the court erred in refusing to give his instruction No. 3, in regard to a reasonable doubt. The instruction as drawn was too broad, but the court modified the instruction, and then gave it as follows:

"No. 3. The court instructs the jury as law, that if you have a reasonable doubt of the guilt of the defendant, of

the offense charged against him, you should find him not guilty.''

We think the action of the court was correct, and the question of a reasonable doubt was fairly and properly submitted to the jury. The action of the court in a few other instructions has been criticised, but after a careful examination of all the instructions given and refused, we are satisfied the law involved in the case was fairly given to the jury, and that no substantial error has been committed in this regard. The judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*