[Civ. No. 2473. Third Appellate District.—June 24, 1922.]

## G. B. HERR, Respondent, v. F. E. JOHNSON, Appellant.

[1] NEGLIGENCE—PERSONAL INJURIES—ACTION FOR DAMAGES—COLLISION BETWEEN AUTOTRUCK AND BICYCLE AT STREET INTERSECTION—VERDICT—EVIDENCE.—In an action for damages for personal injuries sustained by plaintiff when the right fender of an autotruck, which, like the bicycle on which plaintiff was riding, had been traveling along the westerly side of a street in a southerly direction, struck the rear of the bicycle at a place very close to the center of the intersection of said street and another street when plaintiff turned at right angles toward the left intending to proceed in an easterly direction, the jury was justified in concluding that the driver of the truck was attempting unlawfully to pass the plaintiff on a street intersection.

Liability for collision of automobile with bicycle, notes, 21 **Ann. Cas.** 656; Ann. Cas. 1916E, 675; 28 **L. R. A.** (N. S.) 944.

Excessiveness of verdicts in actions for personal injuries other than death, notes, 16 Ann. Cas. 8; Ann. Cas. 1913A, 1361; **Ann. Cas.** 1915D, 488; **Ann. Cas.** 1916C, 916; **L. R. A.** 1915F, 30.

[2] ID. — VERDICT NOT EXCESSIVE — NONEXCESSIVENESS OF. — In such action, a verdict for plaintiff in the sum of three thousand dollars was not excessive, where in addition to other injuries plaintiff's skull was fractured and some permanent injuries seem to have resulted therefrom.

APPEAL from a judgment of the Superior Court of Sacramento County. Peter J. Shields, Judge. Affirmed.

The facts are stated in the opinion of the court.

Howe & Hibbitt and O. F. Meldon for Appellant.

Martin I. Welsh for Respondent.

PREWETT, J., *pro tem.*—In this case a verdict was rendered in favor of the respondent for damages for personal injuries arising out of a collision of an autotruck driven by an employee of the appellant with a bicycle ridden by the respondent upon Thirtieth Street, in the city of Sacramento.

On the evening of May 21, 1920, the respondent, a man fifty-nine years of age, was traveling on his bicycle along the westerly side of said street in a southerly direction. At the same time the motor-truck was moving on the same street in a like direction. When the respondent reached the intersection of Fourth Avenue and said street, he turned at right angles toward the left intending to proceed in an easterly direction. The driver of the truck approached and attempted to pass the respondent while the latter was traveling on the intersection of said street. If the respondent had continued to travel in a southerly direction, it is probable that the collision would not have occurred. But just as the respondent had commenced to turn to the left, the driver of the truck drove his machine against the bicycle in such a manner that the right fender of the truck struck the rear of the bicycle.

[1] The appellant insists that the driver of the truck was not trying to pass the respondent, but that the respondent, for some unexplained reason, suddenly turned his bicycle to the right and rode directly into the path of the truck. The actual collision, however, took place very close to the center of the street intersection. The jury

was fully justified in concluding that the driver of the truck was attempting unlawfully to pass the respondent on a street intersection.

[2] The jury awarded a verdict in the sum of three thousand dollars. The appellant claims that this sum is excessive, but in view of the extent of the respondent's injuries, we cannot concur in this view. In addition to other injuries, the skull of the respondent was fractured and some permanent injuries seem to have resulted therefrom.

Other points made by the appellant do not require extended examination. The ruling of the court in admitting the shoes in evidence was proper.

We find no error in the record, and accordingly the judgment of the court is affirmed.

Finch, P. J., and Burnett, J., concurred.