[Civ. No. 4766. Third Appellate District.—March 16, 1933.]

JOHN POTAPOFF, Respondent, v. E. L. MATTES et al., Appellants.

[Civ. No. 4767. Third Appellate District.—March 16, 1933.]

JOHN DOBRINEN, Respondent, v. E. L. MATTES, Appellant.

Foltz, Rendon & Wallace for Appellants.

Gumpert & Mazzera, Ford & Johnson and D. W. Brobst for Respondents.

PLUMMER, J.—The above-entitled cases were tried together, both arising of the same automobile accident, and are presented to us for consideration upon one transcript and one set of briefs. The plaintiff Potapoff was awarded $2,000 damages, and the plaintiff Dobrinen was awarded $5,000 damages, judgment for damages running only against the defendant E. L. Mattes.

The record shows that about 7 A. M. on the morning of October 14, 1931, the plaintiff Potapoff was driving a Ford truck south on a certain highway in the county of San Joaquin known as and called "Union Highway". The plaintiff, John Dobrinen, was riding with him in the truck. At the same time the defendant, E. L. Mattes was driving a Pontiac automobile easterly on a certain other highway in San Joaquin County known as "Louise Highway". With him was riding the defendant Dorothy Mattes. These highways intersect each other.

The record shows that the intersection of the two highways was obstructed by rows of trees. In driving southerly, the plaintiff's view of the intersection was obstructed by a thick row of olive trees on the west side of Union highway. In driving easterly on Louise highway the defendant's view of the intersection was obstructed by a like thick row of olive trees on the north side of the highway, and also by a row of cypress trees on the south side thereof. The collision took place at a point a trifle south of the center of the intersection. The defendants filed cross-complaints, upon which judgment went in favor of the plaintiffs.

No question is raised as to the amount of the damages being excessive, nor is it contended that the evidence is not sufficient to support the verdict. Upon this appeal reliance is placed upon the alleged error of the court in reading to the jury all of section 113 of the California Vehicle Act

and in allowing more than one attorney for the plaintiffs to address the jury in closing arguments.

In support of the first assignment of error the argument is advanced that subdivision ''D'' of section 113 of the California Vehicle Act, as added to the section by the legislature in 1931, is unconstitutional in that it deprived the defendants of due process of law in the trial of the cases, the specific objection being that the subdivision is-arbitrary and illogical and inconsistent with the other subdivisions of the section, for the reason that after providing a lawful speed limit for different conditions, the burden is placed upon the party alleging negligence to prove negligent driving as a matter of fact, even though the specified speed has been exceeded; that in criminal cases where one was charged with having exceeded the speed limit, a *prima facie* case is made out, whereas in civil cases exceeding the speed limit is not to be deemed negligence as a matter of law.

In view of the fact that there was a sharp conflict in the evidence as to both the speed of the Ford truck and Pontiac car, it is difficult to perceive how the giving of the entire section as an instruction to the jury, resulted in prejudicial error. Irrespective of all that portion of section 113 of the California Vehicle Act following subdivision ''A'', the conditions surrounding the scene of the accident rendered subdivision ''A'' of the section applicable. It reads: ''Any person driving a vehicle on the public highways of this State shall drive the same at a careful and prudent speed, not greater than is reasonable and proper, having due regard to the traffic, surface and width of the highway, and no person shall drive any vehicle upon a public highway at such a speed as to endanger the life, limb or property of any person.'' Being an obstructed highway, it was the duty of the driver of both automobiles to drive at such a limited speed as not to endanger the life, limb or property of any other person approaching the same intersection. In other words, it was the duty of each driver entering such an intersection to have his car under such control as not to admit of its inflicting injury upon any other car using the same intersection. Thus, if the jury was convinced by the testimony that either of the drivers entered the intersection at such a rate of speed as to endanger the life, limb or property of any other person, irrespective of the rate of

speed at which such intersection was entered, then and in that case the jury would be justified in finding such driver guilty of negligence as a matter of fact. The conflicting evidence in this case would support a conclusion that both drivers entered the intersection at a negligent rate of speed, but being resolved in favor of the plaintiffs, we are bound by the determination of the jury.

As shown in the text in 45 C. J. 720, there has always been a conflict between different courts as to whether a violation of a speed law constitutes negligence *per se,* the majority rule being that a violation of an ordinance or statute fixing a speed limit is *per se* negligence, the minority rule being that it is only a circumstance to be presented to the jury in determining the question of the alleged negligence. In all jurisdictions it is really held to be a matter of proof, and not of substantive law. Where it is held to be negligence *per se,* proof must be made that the speed limit has been exceeded. Likewise, where it is simply a fact to be submitted to the jury, testimony must be introduced tending to show violation of the statute or ordinance. Being a rule of evidence, the text as found in 12 C. J. 982, is applicable. It is there said: "No vested right can be gained in rules of evidence, and such rules may accordingly be modified or repealed at the pleasure of the legislature, even though the changes are made applicable to accrued or pending actions, and may incidentally affect the rights of the parties. Thus, a statute is valid which authorizes the admission of copies of documents where under the previous law only originals were admissible, which permits proof of wills destroyed in a public calamity, or which authorizes the admission of unstamped documents. The legislature cannot, however, under the pretense of making or changing a rule of evidence, deprive a party of a vested right in property." This statement of the law is supported by a number of cases cited in the footnotes.

Again, as stated in 5 California Jurisprudence, page 636: "The constitutional power and authority to enact a statute appearing, the question of its mere reasonableness or unreasonableness is for the legislature alone." Thus, even though subdivision "D" of section 113 of the California Vehicle Act does eliminate all of the other portions of the section found under subdivision "B", and may seem to be unreason-

able, nothing has been called to our attention justifying the conclusion that the legislature was without power to limit the effect of the first, second, third, fourth, fifth, sixth and seventh paragraphs of subdivision "B" of the section in so far as a violation of either one of those sections should be held, as a matter of proof, to establish negligence *per se*. We perceive no valid reason why the legislature should not leave it to the jury to determine in all cases whether subdivision "A" of section 113, *supra,* quoted herein, should not be made applicable, and the question left to the jury to determine whether, under the particular conditions, a party charged with negligence has in fact been negligent in the operation of a motor vehicle.

The subdivisions which we have referred to by numbers in nowise limit or suspend the force and effect of subdivision "A" of the section. Thus, the alleged inconsistency, or at least unreasonableness of subdivision "D" is more apparent than real.

Other cases might be cited to support the rule that the legislature has full power to change the rules of evidence, but the cases cited in Cal. Jur., *supra,* we deem sufficient. Nor do we deem it necessary to enter into a discussion as to what constitutes negligence, further than to say that proof of one entering an intersection, where his view is obstructed, without exercising due care and caution, and in such a manner as to endanger the life, limb or property of another, is sufficient to support the charge of negligence. We confine this definition to the circumstances presented by this case. Although the testimony is conflicting, there is sufficient evidence in the record to support the conclusion of the jury as to the negligence of the driver of the Pontiac car.

The second ground relied upon for reversal is the alleged error of the trial court in permitting more than one counsel for the plaintiffs to make an argument after counsel for the defendants had concluded his argument. It appears from the record that the plaintiffs waived the opening argument; that counsel for the defendants then argued the cause to the jury somewhat at length. No limitation was placed upon the time that might be used by counsel in addressing the jury. After counsel for the defendants had concluded his argument, the court permitted more than one counsel for the plaintiffs to address the jury. In doing

so the court used the following language: "The counsel for the plaintiffs waived the opening argument, and counsel for the defendants evidently concluded that there would be one final argument, and he therefore made his argument of some two hours and fifteen minutes on that assumption. Counsel for the plaintiffs apparently have decided to divide the present argument among three counsel—they may do so—and after the argument of the second counsel, the counsel for the defendants will be permitted to reply and the plaintiffs may then close the case; or if you confine your arguments to two counsel, the counsel for the defendants may reply at this time." It thus appears that the defendants were given an opportunity to reply after counsel for the plaintiffs had presented their arguments.

Subdivision 4 of section 607 of the Code of Civil Procedure reads: "When the evidence is concluded, unless the case is submitted to the jury on either side or on both sides without argument, the plaintiff must commence and may conclude the argument." There is nothing in this language which limits the power of the court to permit more than one counsel to address the jury. In the case at bar it appears that counsel for the plaintiffs divided their arguments so that the different counsel argued a different phase of the questions presented. The defendants were granted the privilege of replying, but it does not appear that the defendants availed themselves of the permission granted by the trial court. The authorities are practically unanimous in holding that the conduct of a trial is so largely in the discretion of the trial court that there must be made to appear an abuse of that discretion before an appellate court will interfere.

In 38 Cyc. 1473, we find the following which we think is a correct statement of the law and of the discretion vested in the trial court, to wit: "The number of attorneys who may address the jury on either side is within the discretion of the trial court. Where there are several counsel on a side, the court may require that objections for each party may be made by but one counsel at a time, but the court may permit more than one attorney for a party to address the jury." This text is supported by numerous cases cited in the footnotes.

To the same effect is the text found in 2 California Jurisprudence, page 902.

In view of the fact that counsel for the defendants argued their cause at length, and were offered the privilege of re-argument, we cannot very well hold that the trial court abused its discretion, or that the defendants, without any further showing, suffered any prejudicial error.

The judgments are affirmed.

Pullen, P. J., and Thompson, J., concurred.