[Civ. No. 1433. Fourth Appellate District.—March 4, 1935.]

DENVER HODGES, Respondent, v. J. J. GONZALES et al., Appellants.

Walter E. Barry for Appellants.

F. H. Nottbusch for Respondent.

MARKS, J.—On September 4, 1931, plaintiff and his wife were traveling west in their automobile on Orangethorpe Avenue in Orange County. Shortly after 5 o'clock in the afternoon the engine stopped and the car coasted to a stop with its left wheels just on the north edge of a twenty-foot pavement, which pavement was in the center of the highway. Its right wheels were near the south edge of a ditch on the north side of the pavement.

Plaintiff was an automobile mechanic. He alighted from the stalled car, walked to its side, raised the hood and hunted for the trouble. He found that the distributor gears had been stripped which caused the engine to stop and prevented its being started again. While he was standing on the left side of the car looking at the engine a truck owned by J. J. Gonzales and being driven by E. Artiaga, his employee, and who was acting within the scope of his employment and on his master's business, approached the stalled automobile from the east. Artiaga drove so close to the automobile that the truck struck its left rear fender and plaintiff was thrown to the pavement and seriously injured. He suffered a basal fracture of the skull, a fracture of the right fibula and compound contusions over his head and body. He was confined in a hopsital for eleven days when he was removed to his home where he was confined to his bed until November 30, 1931. At the time of the trial on July 12, 1932, he was still suffering from pains in his head.

The case was tried by the court without a jury and judgment was rendered in plaintiff's favor in the sum of $1717. Defendants have appealed from the judgment.

Defendants urge the following grounds for a reversal of the judgment: (1) That plaintiff was guilty of contributory negligence in parking his car partly on and partly off the paved portion of the street in violation of the provisions of subdivision "A" of section 136 of the California Vehicle Act. (2) That the plaintiff was guilty of contributory negligence as a matter of law in standing on the paved portion of the street in the path of a plainly visible approaching

motor vehicle. (3) That the trial court failed to find on the defense of contributory negligence. (4) That as the trial court did not find the amount of damages to which plaintiff was entitled for his personal injuries it was error to award him any damages for such injuries.

The first contention of defendants is resolved against them by the provisions of subdivision "A" of section 136 of the California Vehicle Act as construed in *Silvey* v. *Harm,* 120 Cal. App. 561 [8 Pac. (2d) 570], *Smith* v. *Pacific Greyhound Corp.,* 139 Cal. App. 696 [35 Pac. (2d) 169], and *McMillan* v. *Thompson,* 140 Cal. App. 437 [35 Pac. (2d) 419].)

The second ground of reversal presents a question of fact to be decided by the trial court. It having resolved that question against defendants and there being evidence to support its conclusion on that question this conclusion cannot be disturbed on appeal.

It is true that in the findings of fact there is no finding on the defense of contributory negligence. In the conclusions of law there is a finding absolving plaintiff from contributory negligence. Because a finding of fact has been misplaced and appears among the conclusions of law it furnishes no ground for a reversal of the judgment. (*Collins* v. *Ramish,* 182 Cal. 360 [188 Pac. 550]; 24 Cal. Jur. 961.)

The trial court did not find the amount of damages to which plaintiff was entitled for his personal injuries. This constitutes error which may be corrected on appeal. (Sec. 956a, Code Civ. Proc.) The total judgment is for $1717. The trial court found in detail the items of special damage which totaled $217. By simple process of subtraction it appears that general damages were awarded in the sum of $1500. It also appears from the reporter's transcript that at the end of the trial the trial judge announced that he would award plaintiff $1500 general damages and the items of special damage totaling $217. There can be no question that the finding if made by the trial court would have fixed these damages at $1500. A review of the record convinces us that the damages fixed in the conclusions of law and judgment find ample evidentiary support.

It is ordered that the following be added to finding number five: "That the court further finds that as a result of his said injuries plaintiff was confined to a hospital for eleven days and to his bed for an additional period of

seventy-six days and was caused to suffer and still suffers serious pain and was damaged thereby in the sum of $1500.00.''

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 28, 1935, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 3, 1935.