[Civ. No. 11803.   First Dist., Div. Two.   Dec. 8, 1941.]

HELEN WOEBBE, Appellant, v. JOHN A. SPERRY, Jr., et al., Respondents.

Phillip Barnett and Samuel Vartan for Appellant.

Hoge, Pelton & Gunther and A. Dal Thomson for Respondents.

STURTEVANT, J.—At about eleven o'clock p. m. on the night of November 18, 1939, the plaintiff was riding in an automobile as the guest of, and being driven by, Mr. Paulsen. The automobile was driven south on Van Ness Avenue and then turned easterly into Pine Street. The defendant John A. Sperry, Jr., was driving north on Van Ness Avenue along

the eastern side of said avenue. Mr. Paulsen was driving a Dodge sedan, Mr. Sperry was driving a Ford sedan. At a point in the intersection, more or less controverted by the witnesses, the Ford car hit the Dodge car on its right-hand rear door. The plaintiff was injured. She sued to recover damages for the injuries sustained. The action was tried before the trial court sitting with a jury. The jury returned a verdict in favor of the defendants. A judgment was entered on the verdict and from that judgment the plaintiff has appealed and has brought up typewritten transcripts. The record discloses that in the trial court numerous exhibits were offered. It also discloses that a map drawn to scale was used throughout by both parties. It also discloses that photographs were introduced in evidence and that those photographs were used by both parties during the trial. Except as hereinafter mentioned no exhibit, map, or photograph has been certified to this court. While the trial was progressing both parties prepared instructions and requested the trial court, at the proper time, to give them. By stipulation the instructions so prepared by the parties were given by the court. Every instruction tendered was given.

Examining the opening statements it will be seen at once that the plaintiff contended Mr. Paulsen drove south on Van Ness Avenue; that, as he approached the intersection, he put out his hand indicating a left turn; and that he passed the center of the intersection and turned to go east on Pine Street. The plaintiff also testified to similar facts. On the other hand, from the opening statement of defendants, it will also be seen that they contended Mr. Paulsen drove to a point about ten feet north of the northerly property line of Pine Street, made a left turn, "cut the corner," and drove easterly on Pine Street. They also contended that as he did so he gave no signal of his intention to make said turn, and made the turn after the defendant John A. Sperry, Jr., had entered the intersection and had crossed the middle line of Pine Street. The defendants called three eye witnesses to sustain their theory. From the beginning of the trial the defendants contended there were no "markers" in either Pine or Van Ness at said intersection indicating how or where a turn could be made.

After the jury had retired to deliberate on its verdict it returned into court and the foreman stated there was considerable confusion in regard to making a left-hand turn

at an intersection. A somewhat extended colloquy ensued which was participated in by the court, counsel, and one or more of the jurors. The court again read section 540, subd. (b) of the Vehicle Code. It also read section 551. During the colloquy counsel for the plaintiff asked the jury be instructed that there were "markers" in the intersection. In another place he asked that the jury be instructed that there is a marked cross-walk at the intersection. The trial court replied that the jurors had heard the evidence and that the facts presented in the record were for the determination of the jurors. At this time the plaintiff contends that at the intersection of Pine and Van Ness Avenue traffic is not governed by the sections of the Vehicle Code but falls within the exception, "unless otherwise directed by markers, buttons or signs" (sec. 540 (b)), and that the case is governed by the provisions of the traffic ordinance of San Francisco, and that the trial court should have so instructed the jury. We find no merit in the contention. At no time was an instruction to that effect prepared, asked, or refused. Under these circumstances the record does not present a question for review by an appellate court. (*McFate* v. *Zuckerman,* 130 Cal. App. 172, 179 [19 Pac. (2d) 532].)

After the accident the defendant Sperry remained at the scene for a short time. While he was there Edward F. Penaat, a police officer attached to the Accident Prevention Bureau, arrived. The plaintiff called him as a witness. Among other things he testified that he had a conversation with defendant Sperry. Counsel for the plaintiff propounded to him a question: "Now, Officer Penaat, would you state to his Honor and the ladies and gentlemen of the jury just what that conversation was?" After some discussion the trial court said, "Well, you can tell us what the defendant told you, without going into discussions." Counsel for the plaintiff contended that he was entitled to have the witness state the entire conversation. The trial court sustained the objection and said, "Statements made by the defendant are admissible against him on the theory that they are contrary to his interests. Statements made by the witness are not admissible at all unless they are necessary to explain the statements of the defendant." At no time did the plaintiff's attorney lay the foundation for proof of an admission by the defendant Sperry and ask what reply was made by him. We find no error in the ruling.

██ One of the jurors, J. P. Doyle, had occasion daily to pass and repass the intersection where the accident happened when he was going from his place of business to his home, or when he was going from his home to his place of business. During the trial he continued to travel the same path. The plaintiff assigns the fact as misconduct. She made the same point in her motion for a new trial. On the presentation of that motion Mr. Doyle made an affidavit to the effect he did not during the trial stop at the intersection and make any observations or measurements. There was no evidence whatever that Mr. Doyle received, directly or indirectly, any evidence outside of the courtroom. The plaintiff's contention may not be sustained. (*Kimic* v. *San Jose-Los Gatos etc. Ry. Co.*, 156 Cal. 379, 398 [104 Pac. 986].)

██ The last point made by the plaintiff is that counsel for defendants improperly stated to the jury that Mr. and Mrs. Paulsen met their death in another automobile collision. The statement was made by Mr. Hoge as a part of his opening statement. Mr. Barnett objected. After some discussion by counsel the trial court remarked, ''Well, what is the difference how they came to their death, it had nothing to do with this case.'' The statement made by Mr. Hoge was not prejudicial error. ██ Another instance of alleged misconduct was based on the fact that when Mr. Hoge was arguing the case and discussing the testimony given by Officer Penaat, among other things he referred to a police scandal. The proceedings were: ''Mr. Hoge: As you know, and we all know, one of the worst police scandals that we have had— Mr. Barnett: Now, your Honor, I object to that— The Court: Go on to something else, Counsel. The police scandals have nothing to do with the case.'' Conceding, without deciding, that the incident might have been error, it is patent that such misconduct was not prejudicial. ██ Furthermore, as to either of these assignments, the trial court was not asked to admonish the jury to disregard the statements. Under such circumstances the alleged misconduct may not be urged. (24 Cal. Jur. 746, sec. 29.)

The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 5, 1942.