[Civ. No. 13627.   Second Dist., Div. Two.   Sept. 10, 1942.]

CALIFORNIA EMPLOYMENT COMMISSION, Respondent, v. BETTHESDA FOUNDATION (a Corporation), Appellant.

Milan Medigovich and A. G. Fickeisen for Appellant.

Roth & Brannen, Lester W. Roth, Gibson, Dunn & Crutcher, E. H. Conley, Musick & Burrell, Howard Burrell, Orrick, Dahlquist, Neff & Herrington, T. W. Dahlquist, Lloyd S. Ackerman, Leon A. Clark, J. Wiseman Macdonald, Harold J. Cashin, Kenneth W. Watters, Jr., Joseph Scott and J. Howard Ziemann, as Amici Curiae, on behalf of Appellant.

Earl Warren, Attorney General, John J. Dailey, Deputy Attorney General, Maurice P. McCaffrey, Glenn V. Walls, Forrest M. Hill, Elizabeth M. Doyle and Doris H. Maier for Respondent.

WOOD (W. J.), J.—Plaintiff commenced this action under the provisions of section 45 of the California Unemployment Insurance Act (Chap. 352, Stats. 1935; Deering's Gen. Laws, 1937, Act 8780d) to recover unemployment insurance contributions for the calendar years 1936, 1937 and 1938. Defendant alleged that it is organized and operated exclusively for charitable purposes and claimed to be exempt from making the contributions. The trial court made findings adverse to the allegations of defendant and gave judgment for plaintiff, from which defendant prosecutes this appeal. There is also a purported appeal from an order denying defendant's motion for a new trial.

We are called upon to determine the question whether the evidence sustains the trial court's finding that defendant is not such an institution as is exempt under the provisions of section 7(g) of the act, which excludes from the obligation to make contributions: "Service performed in the employ of a corporation, community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual."

Defendant corporation was incorporated on October 11, 1935, under the provisions of section 606 of the Civil Code, relating to nonprofit corporations for charitable purposes. On January 1, 1936, defendant began the operation of the Angelus Hospital and the Dr. R. B. Jenkins Clinic. These institutions are located at 1925 Trinity Street and 1901 Trinity Street respectively. The Angelus Hospital is an institution of 110-bed capacity and has been continuously operated

as a hospital since its construction in 1904. Before the incorporation of defendant the hospital and the clinic were operated by Dr. R. B. Jenkins directly or indirectly through the medium of R. B. Jenkins Corporation. Dr. Jenkins held the property under a lease from the Washington Holding Company and he subleased the properties to defendant corporation upon the commencement of its operations, the rental price being $500 per month during 1936, $600 per month during 1937 and $650 per month during 1938. Defendant had no assets or liabilities at the time it took over the properties. Dr. Jenkins, the president of defendant corporation, continued to be in charge of the hospital and the clinic.

In operating the clinic and the hospital defendant charged a fixed fee for each service rendered. If a patient could pay the charge it was collected in full but if he could pay only a part of the charge the down payment was taken and an attempt was made to collect the balance at a later date. If the patient was entirely without funds the services rendered were set up at the fixed rate and an attempt was later made to collect the amount of the charge or as much of it as possible. The secretary of defendant corporation testified that some of the non-paying patients might actually develop later into paying patients and if so the money received was credited to income. Attempts were made to collect all charges for services through an outside collector employed by defendant. During the year 1936 the hospital had a total of 1,782 patients, classified as 1,156 full-pay, 578 part-pay and 48 non-pay. Of the 578 part-pay patients, 519 were school children who were referred to the hospital for tonsillectomies by a Dr. Dryer, who performed the necessary surgical work and paid to the hospital the $2.50 charge for each pupil. During the years 1937 and 1938 a larger number of patients were admitted but the proportion of full-pay and non-pay patients remained substantially the same as in 1936.

Deductions for unemployment insurance were made by defendant from all cash wages paid to its employees but these deductions were not remitted to plaintiff.

The general rule that the findings of the trial court will not be disturbed on appeal if the record discloses substantial evidence to support them is applicable to the present appeal. All intendments are in favor of the judgment of the lower court. The evidence must be considered in light of the rule that provisions for exemption from taxation are to be

strictly construed against the taxpayer. (*Helping Hand Home* v. *San Diego*, 26 Cal. App. (2d) 452, 459 [78 P. (2d) 778].) The trial court could draw reasonable inferences from the facts established and base its findings thereon. In making its findings the trial court was not bound by the articles of incorporation of defendant or the fact that it was organized under section 606 of the Civil Code but it could take into consideration the actual conduct of defendant and its methods of operation. (*Estate of Dol*, 182 Cal. 159, 166 [187 Pac. 428]; *Stewart* v. *California Medical etc. Association*, 178 Cal. 418, 421 [176 Pac. 46].)

In making its findings the trial court could properly take into consideration the fact that defendant was incorporated shortly after the enactment of the statute sought to be enforced by this litigation; that without assets of its own it took over a private institution which it continued to operate with the same staff which had previously operated it; that it received no gifts or donations from individuals or from the Community Chest or any similar organization; that it has no legal obligation whatever to perform any particular act of charity; that the institution under defendant's control was operated and maintained upon revenue derived wholly from fixed charges against its patients.

In order to be exempt from making the contributions it was incumbent upon defendant to prove that it was organized exclusively for charitable purposes; that it was and is operated for charitable purposes; and that no part of its net earnings inured to the benefit of any private shareholder or individual. We are satisfied that the finding of the trial court that defendant failed to establish these points is sustained by the evidence.

The appeal from the order denying the motion for a new trial is dismissed. The judgment is affirmed.

We concur:

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied October 9, 1942.