[Civ. No. 14240.   Second Dist., Div. Two.   Feb. 24, 1944.]

D. G. KLING et al., Respondents, v. CROWN FINANCE CORPORATION (a Corporation) et al., Appellants.

Parker & Stanbury and Harry D. Parker for Appellants.

D. G. Kling, in pro. per., Joseph L. Fainer and Thomas Connell for Respondents.

McCOMB, J.—From a judgment in favor of plaintiffs after trial before a jury in an action to recover damages resulting from an automobile accident, defendants appeal.

The evidence being viewed in the light most favorable to plaintiffs, (respondents) the essential facts are:

On March 14, 1940, about 3:55 p. m., plaintiff Belle Kling, the wife of plaintiff D. G. Kling, was struck by the left front fender of an automobile driven by defendant Finegold, and owned by defendant Crown Finance Corporation.

When the action was called for trial defendants specifically admitted liability for the accident, but denied that plaintiffs suffered any damages as a result thereof. Thereafter evidence was introduced before the jury on the sole question of the extent of damages, if any, sustained by plaintiffs. After both sides had introduced evidence and rested, plaintiffs' counsel waived the right to make an opening argument,[1] whereupon defendants' counsel presented an argument to the jury followed by plaintiffs' counsel making a closing argument. Thereafter defendants' counsel asked the trial judge to permit him to answer the argument of plaintiffs'

---

[1]At the close of the evidence the following occurred:

"Mr. Fainer: [plaintiffs' attorney] We have finished with our case.

"Mr. Parker: [defendants' attorney] We rest, Your Honor.

"Mr. Fainer: We rest, too.

"The Court: Any rebuttal?

"Mr. Fainer: No rebuttal.

"At this time plaintiff waives opening argument, reserving the right to close the argument if the defendant's attorney argues.

"Mr. Parker: If the court please, I object to plaintiffs' counsel waiving his opening argument. There is only one issue in this case, and that is the issue of the amount of damages, if any, and I feel that defendants' counsel should have an opportunity to reply to that one issue, one and only issue, and I submit that the plaintiffs' counsel should say what he has to say, if anything, with regard to the issue of damages, in order that the defendants may be afforded an opportunity to answer that argument.

"The Court: Well, counsel, I can't make this man make an opening argument. I think he is at liberty to waive it.

"Mr. Fainer: I can say this, if there were more than one issue, if there was the question of liability and the question of damage I would argue it, but I do not see the necessity of haranguing the jury twice.

"The Court: Well, counsel, I don't think I can force Mr. Fainer to make an argument."

counsel.[2]  This request was denied.  After the cause had been submitted to it, the jury returned a verdict in favor of plaintiffs in the sum of $7,500.

There are two questions necessary for us to determine which will be stated and answered hereunder seriatim.

First: *Did the trial judge commit prejudicial error in refusing to permit defendants' counsel to make an argument in reply to the closing argument of plaintiffs' counsel?*

This question must be answered in the negative.

■ A waiver merely of the right to make the opening argument, as distinguished from the right to open and close the argument, by the party entitled thereto, does not preclude him from making the closing argument in reply to the argument of ·his adversary. (*Trask* v. *People*, 151 Ill. 523 [38 N.E. 248, 250]; *Pennsylvania Co.* v. *Greso*, 79 Ill.App. 127, 133; *Hickman* v. *Layne*, 47 Neb. 177 [66 N.W. 298, 300]. See, also, *Purington Paving Brick Co.* v. *Metropolitan Paving Co.*, 4 F.2d 676, 682.)

This rule of procedure operates fairly for both parties. When plaintiffs waived their right to an opening argument they took the chance that defendants would waive their right to argue the case also, in which event, in the absence of permission from the court, plaintiffs would have been foreclosed from making any argument to the jury.  As far as defendants are concerned, they had the right to and did argue their cause to the jury.

■ If any improper argument was advanced by plaintiffs' counsel in his closing argument to the jury, defendants, by objection and request to the. trial judge for an instruction to the jury upon the subject, could have restricted plaintiffs' counsel to proper argument upon the issues before the jury.  In the absence of objection and a request to the court

[2]After defendants' counsel had concluded his argument, plaintiffs' counsel made an argument to the jury after which the following ensued:

"Mr. Parker: If the court please, I desire to answer the argument at this time, which Mr. Fainer made.

"The Court: Answer what?

"Mr. Parker: I would like to answer the speech now made by Mr. Fainer, and the only opportunity I have had to answer his argument.

"Mr. Fainer: I certainly will resist that. . . .

"The Court: As I understand it, the plaintiff can always waive his opening argument and reserve his right to close.

"Mr. Fainer: That is right. . . .

"The Court: Well, counsel, the best I can do under the circumstances in the absence of some authority to support your contention is to deny your motion."

to properly admonish the jury, defendants waived any error in plaintiffs' closing argument. (*Hicks* v. *Ocean Shore Railroad, Inc.*, 18 Cal.2d 773, 787 [117 P.2d 850]; *Balkwill* v. *City of Stockton*, 50 Cal.App.2d 661, 673 [123 P.2d 596]; *Woebbe* v. *Sperry*, 48 Cal.App.2d 340, 344 [119 P.2d 743]; *Wills* v. *J. J. Newberry Co.*, 43 Cal.App.2d 595, 607 [111 P.2d 346].)

*Potapoff* v. *Mattes*, 130 Cal.App. 421, 426 [19 P.2d 1016], relied on by defendants, does not announce a rule contrary to that stated above but merely holds that, under the provisions of section 607 of the Code of Civil Procedure, the trial court without an abuse of discretion may grant defendants' permission to answer plaintiffs' closing argument in a case where plaintiffs have waived the opening argument.

Since defendants did not request the trial judge to instruct the jury to disregard alleged improper argument of plaintiffs' counsel, such error, if any, was waived by defendants under the authorities above cited.

Second: *Was the verdict in favor of plaintiffs in the sum of $7,500 excessive?*

This question must also be answered in the negative and is governed by these rules:

(1) It is the general rule that on appeal an appellate court will (a) view the evidence in the light most favorable to the respondent, (b) not weigh the evidence, (c) indulge all intendments which favor sustaining the finding of the trier of fact, and (d) not disturb the finding of the trier of fact if there is substantial evidence in the record in support thereof. (*California Emp. Com.* v. *Betthesda Foundation*, 54 Cal.App.2d 348, 350 [128 P.2d 874]; *People* v. *Dukes*, 90 Cal.App. 657, 659 [266 P. 558].)

(2) A jury's verdict will not be set aside on appeal on the ground that damages are excessive, unless the verdict is so outrageously excessive as to suggest, at first blush, passion, prejudice, or corruption. (*Junge* v. *Midland Counties etc. Corp.*, 38 Cal.App.2d 154, 160 [100 P.2d 1073].)

The evidence being viewed in the light of the principles set forth under rule 1, *supra*, discloses that plaintiff Belle Kling, at the time of the accident, was 39 years of age, and prior to the accident had been in perfect health; that she had studied law; that she had acted as her husband's secretary in his law office for more than twenty years; and that her memory was good.

The accident resulted in Mrs. Kling's receiving a brain concussion; a puncture wound into the muscle of the abdomen; lacerations of her elbows and ankles; and contusions of her back. She also suffered pains, headaches, dizziness, and symptoms of nausea. In addition she sustained a certain amount of loss of memory, a lack of ability to concentrate and was quite nervous. After the accident she was unable to perform her prior secretarial duties.

Plaintiffs paid the sum of $1,260.29 for doctors' bills, X-rays, and office help as a result of the accident.

In view of the foregoing facts and the fact that plaintiff D. G. Kling lost the services of his wife, both at home and in his law office, the verdict in the instant case does not fall within the purview of rule 2, supra, and we are of the opinion that the verdict is not excessive.

Maede v. Oakland High School District, 212 Cal. 419 [298 P. 987]; Hodges v. Gonzales, 5 Cal.App.2d 86 [42 P.2d 359]; Pozzobon v. O'Donnell, 1 Cal.App.2d 151 [36 P.2d 236]; Davis v. Renton, 99 Cal.App. 264 [278 P. 442]; and Herr v. Johnson, 58 Cal.App. 306 [208 P. 338], are each factually distinguishable from the instant case and therefore are inapplicable to the facts now before us.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., concurred.

WOOD (W. J.), J.—I concur in the judgment. The judge has a wide discretion in the conduct of the trial and for this reason I see no justification for a reversal. But in my opinion the procedure followed is subject to criticism rather than commendation. By the exercise of the right to open and close the argument the plaintiff has a decided advantage. That advantage is unduly enhanced when he is permitted to address the jury after the defendant has presented his argument and no opportunity is given the defendant to reply. Of course, submission of the issue to the jury by stipulation without argument would be fair to both parties, but if the case is to be argued the party making the opening argument, whether it be the plaintiff or the defendant, should be given the right to close.

Appellants' petition for a hearing by the Supreme Court was denied April 20, 1944.