[Civ. No. 14403. Second Dist., Div. Two. June 16, 1944.]

N. E. DRULEY, Respondent, v. J. A. PEYTON, Appellant.

George P. Cook and L. E. Dadmun for Appellant.

McLaughlin & McGinley for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff in the sum of $939.49, after trial before the court without a jury, in an action to recover a sum of money alleged to be due pursuant to an agreement between plaintiff and defendant, defendant appeals.

There is also an appeal from the trial court's order denying defendant's motion to vacate and set aside the judgment and to enter another and different judgment.

The essential allegations in the complaint are that:

(1) On or about April 18, 1940, plaintiff and defendant entered into an agreement whereby defendant agreed to acquire, on behalf of himself and plaintiff, a one-fourth interest in a business known as the "Automotive Sales" for the sum of $3,500; each of the parties to pay one-half of the purchase price; plaintiff to pay $1,000 at the time the agreement was made and the balance of $750 when and after defendant had paid $1,000 of his share of the purchase price to the vendor of the Automotive Sales business; all profits and moneys derived from the one-fourth interest in the business to be paid to the vendor of the business until the purchase price of the one-fourth interest, to wit, $3,500, had been paid, and thereafter all moneys derived from their share

in the business to be divided equally between plaintiff and defendant.

(2) Plaintiff paid to defendant the sum of $1,000.*

(3) Defendant purchased a one-fourth interest in the automotive business from Ed Hale and applied the $1,000 received from plaintiff on account of the purchase price of the interest in said business.

(4) Defendant did not advance or pay any additional amount on account of the purchase price of said interest in the automotive business.

(5) $2,500 due as earnings upon the one-fourth interest in the business was applied by the vendor in payment of the balance of the purchase price, and an additional amount exceeding the sum of $5,400, representing earnings on the one-fourth interest, was paid by Ed Hale to defendant; and

(6) Defendant has not paid to plaintiff any moneys received by him from Ed Hale on account of the one-fourth interest in the automotive business excepting the sum of $1,000, leaving a balance due and unpaid from defendant to plaintiff in a sum exceeding $2,000.

There are three questions necessary for us to determine which will be stated and answered hereunder seriatim:

First: *Was the amount in controversey sufficient to confer jurisdiction upon the superior court?*

This question must be answered in the affirmative and is governed by the following pertinent rules:

(1) The Superior Court of Los Angeles County has jurisdiction in all actions to recover damages for breach of the terms of a contract where the amount involved exceeds $2,000. (Cal. Const., art. VI, § 5; Code Civ. Proc., § 89a.)

(2) If under the allegations of a complaint plaintiff is entitled to an amount equal to or in excess of the superior court's jurisdictional minimum, that court has jurisdiction

---

*Defendant gave plaintiff a receipt that read as follows:

"Received of N. E. Druley the sum of One Thousand dollars. Said one thousand dollars as payment on one eight interest in Automotive Sales. Said interest in Automotive Sales to cost seventeen hundred and fifty dollars. It is agreed that J. A. Peyton will pay Ed Hale the next thousand dollars before Druley is to pay the balance of seven hundred and fifty dollars. It is agreed between Druley and Peyton that all principal and profits derived from Automotive Sales will go to Ed Hale till the entire quarter interest is paid.

"After that all moneys derived from said quarter interest in Automotive Sales will be divided equally between Peyton and Druley.
                                                          J. A. PEYTON."

of the cause even though the judgment is for an amount less than the jurisdictional amount of the superior court. (*Sellery* v. *Ward,* 21 Cal.2d 300, 305 [131 P.2d 550]; *Hammell* v. *Superior Court,* 217 Cal. 5, 7 [17 P.2d 101]; *Warfield* v. *Basso,* 62 Cal.App. 47, 50 [216 P. 48]. See, also, *Consolidated etc. Co.* v. *Superior Court,* 189 Cal. 92, 94 [207 P. 552]; *Frost* v. *Mighetto,* 22 Cal.App.2d 612, 614 [71 P.2d 932].)

It appears that the account between plaintiff and defendant was as follows:

Charge defendant:

Received from plaintiff..............$1,000
Received from Ed Hale on account of
    profits on ¼ interest in automotive
    business ....................... 5,400
Amount agreed to be paid to Ed Hale
    by defendant .................... 1,000

Total .........................$7,400

Credit plaintiff:

Amount due from plaintiff to defen-
    dant under contract .............$  750
Amount paid to Ed Hale........... 1,000
Amount paid to plaintiff............ 1,000

Total .........................$2,750

Balance of profit .......................$4,650

Half of profit to which plaintiff was
    entitled according to his agreement
    with defendant ...............................$2,325.

Therefore since the allegations of the complaint showed that plaintiff was entitled to $2,325, the complaint stated a cause of action within the jurisdictional amount of the superior court even though the trial court gave a judgment for less than the amount plaintiff sought to recover.

Second: *Was there substantial evidence to sustain the trial court's findings of fact?*

This question must be answered in the affirmative. The evidence being viewed according to the rules set forth in *Kling* v. *Crown Finance Corp.,* 63 Cal.App.2d 33, 34 [146

P.2d 54], supports the trial court's findings of fact. For example, Mr. Ed Hale testified that he gave defendant a check for $1,835.62, which plus certain credits defendant was allowed made a total of $3,006.37, representing the profits which defendant received from the Automotive Sales business. One-half of this total is $1,503.19. Plaintiff admitted receiving $1,000 on account of the profits which left a balance due him of $503.19. In addition to this later sum plaintiff was entitled to $875. This sum equals the amount plaintiff's share in the profits would have been increased had defendant abided by the terms of his agreement and paid $1,750 to Mr. Ed Hale on account of the purchase price of the interest which he purchased in the Automotive Sales business. ■ The amount due plaintiff thus appears to be $1,378.19, and since the judgment was only for $939.49, the error being favorable to defendant may not be urged by him as grounds for a reversal.

■ Third: *Did the trial court err in ruling upon the admissibility of evidence during the cross-examination of plaintiff's witness, Mr. Ed Hale?*

This question must be answered in the negative. The questions, objections, and rulings under consideration are as follows:

"Q. Then the total amount that Mr. Peyton received from you for the two years' supervision of the Automotive Sales was only $3,006.37?

"Mr. McLaughlin: I want to make an objection to that on the ground that it calls for a conclusion of the witness, and is immaterial.

"Mr. Dadmun: I don't think it calls for a conclusion at all.

"The Court: What it was for would be a conclusion; the total amount he received would not. The total amount received by Mr. Peyton from the Automotive Sales was $3,006.37. That part will remain.

"A. Correct.

"Q. And that sum of $3,006.37 which Mr. Peyton received for his two years' labor as supervisor of the Automotive Sales in Los Angeles in your behalf would have been paid him regardless of the fourth interest or not in the business, would it not?

"Mr. McLaughlin: Now, I want to object to that on the ground that it calls for a conclusion of the witness, first, that this was received for his labor, and further asking for a con-

clusion as to whether or not he would have paid it had he not had the fourth interest in the business.

"The Court: It is immaterial and the objection will be sustained.

"Q. If there hadn't been any discussion between you and Peyton relative to the purchase of the one-fourth interest, he still would have received the same amount, wouldn't he; isn't that right?

"Mr. McLaughlin: That is objected to as immaterial and calling for a conclusion of the witness, and as being the same question.

"The Court: The objection will be sustained."

In our opinion the questions were vulnerable to the objections stated by plaintiff and the trial court's rulings were correct.

In view of our conclusions, it is unnecessary to discuss other points urged by defendant.

For the foregoing reasons the judgment and order are and each is affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 15, 1944. Traynor, J., and Schauer, J., voted for a hearing. The following opinion was thereupon rendered:

THE COURT.—Petition for a hearing in this court is denied. Assuming, as contended by petitioner, that the statement of account in the foregoing opinion is erroneous on its face, nevertheless, the résumé in the opinion of the facts stated in the complaint discloses that the amount claimed is within the jurisdiction of the superior court.

According to such résumé the plaintiff was entitled to one-half the profits of his venture with defendant. Those profits totalled $7,900 ($2,500 credited on the purchase price and $5,400 paid to defendant). Offsetting plaintiff's claim for $3,950 (one-half of $7,900) was the $750 due on his share and the $1,000, which defendant had paid to him on account, a total of $1,750. Deducting this sum from plaintiff's share of the profits (as distinguished from charging it, or any part of it, against the joint account) leaves $2,200 as the amount claimed in the complaint.