[Civ. No. 14703. Second Dist., Div. One. Aug. 27, 1945.]

HERMAN J. LUSHER, Respondent, v. JACK T. SILVER et al., Appellants.

Phillip W. Silver for Appellants.

Henry S. Cohen for Respondent.

DRAPEAU, J. pro tem.—Plaintiff and defendant Jack T. Silver became acquainted in 1942; (defendant Lube Silver is the wife of defendant, Jack T. Silver, and appears in the case because title to certain properties and assets of the partnership hereafter discussed were carried in her name. Reference to defendant hereafter will be to defendant Jack H. Silver). Plaintiff was a real estate broker, defendant was not, but the defendant had money which he desired to invest in real estate. Plaintiff testified that in 1943 defendant suggested that plaintiff and defendant buy real estate, plaintiff to furnish his knowledge of realty values, and defendant to furnish the money; that defendant said he had $50,000 and could lay his hands on another $100,000; that defendant proposed they should go together and split the profits fifty-fifty; that plaintiff agreed, and suggested a written memorandum should be drawn up, but defendant replied that it was not necessary, his word was as good as his bond.

Then plaintiff testified to the purchase of certain properties, to the manner of inspection of them by plaintiff and defendant; that advertisements for the sale of this real estate were placed in newspapers, and that the expense of advertising was paid equally by the parties.

In behalf of plaintiff, another witness testified to hearing conversations between the plaintiff and defendant relative to purchase and sale of property; another witness testified that defendant told her he was in the real estate business with plaintiff; another testified that the defendant introduced the plaintiff as his partner; another that the defendant told him that the plaintiff was his partner; others that the parties

were together inspecting properties with a view to purchasing the same.

The trial court found that there was an oral agreement constituting a partnership between the parties for the purchase and sale of real estate, profits to be divided equally, took an accounting and found a balance due from defendant to plaintiff.

On appeal defendant contends that the language testified to by plaintiff ''why not go together and buy ourselves properties and split the profits on them'' is insufficient to establish a partnership as to the properties which the court found they bought and sold as partners.

In the last analysis the *fact* of partnership depends upon the intention of the parties. To determine this intent not only the words of the agreement itself, but the actions and conduct of the parties may be considered. All the evidence should be taken into account to support the finding. (*Associated Piping & Engineering Co.* v. *Jones,* 17 Cal.App.2d 107 [61 P.2d 536].)

Section 2401 of our Civil Code sets forth tests to determine the existence of a partnership. One important test is to be found in subdivision 4 of the section, which provides that the receipt by a person of a share of the profits of a business is prima facie evidence that he is a partner. (Also see *Swanson* v. *Siem,* 124 Cal.App. 519 [12 P.2d 1053]; *Krenz etc. Co.* v. *England,* 109 Cal.App. 747 [293 P. 689]; *Coward* v. *Clanton,* 122 Cal. 451 [55 P. 147]; *Black* v. *Brundige,* 125 Cal.App. 641 [13 P.2d 999]; *Spier* v. *Lang,* 4 Cal.2d 711 [53 P.2d 138]; 1 Cal.L.Rev. 482.)

In this case plaintiff received no part of the profit but he testified that it was agreed that he should. The defendant testified to the contrary. For the purposes of this appeal we must deem plaintiff's testimony in this respect, together with the other testimony referred to, sufficient to support the finding of the trial court that there was a partnership. (*Kling* v. *Crown Finance Corp.,* 63 Cal.App.2d 33 [146 P.2d 54].)

Next defendant contends that the partnership agreement, if any, contemplated splitting commissions of plaintiff as a realty broker, which would be illegal and void. Defendant testified that this was the agreement; plaintiff testified it was not. Again, in conformity with the familiar rule binding on courts of appeal in such a situation, this court is bound by the finding of the trial court.

Also the defendant contends that his motion for a new trial should have been granted on the grounds of accident and surprise. This is a matter committed to the sound discretion of the trial court, and a review of the record discloses no abuse thereof.

Finally defendant contends that the trial court's finding of profit in the purchase and sale of one of the properties purchased is not supported by the evidence. However, again this matter was testified to by the plaintiff, and his testimony is sufficient to support the finding.

The judgment is affirmed.

York, P. J., and Doran, J., concurred.

A petition for a rehearing was denied September 19, 1945, and appellants' petition for a hearing by the Supreme Court was denied October 25, 1945. Schauer, J., voted for a hearing.