[Civ. No. 14259.   Second Dist., Div. Two.   Mar. 6, 1944.]

Estate of WARREN D. ISENBERG, Deceased.   ARTHUR W. KENNEDY, Respondent, v. J. W. ISENBERG et al., as Administrators, etc., Appellants.

Leland S. Bower for Appellants.

Saul S. Klein for Respondent.

McCOMB, J.—There are presented for our determination:

(1) A motion to dismiss the appeal on the ground that the notice of appeal was not filed within the time prescribed by law.

(2) An appeal from a judgment in favor of respondent for the sum of $1,400 as attorney's fees for extraordinary services performed for the estate of Warren D. Isenberg, deceased.

I

The undisputed facts pertaining to the motion to dismiss the appeal are these:

Judgment was entered in favor of respondent on February 25, 1943. On March 6, 1943, appellants filed with the clerk of the superior court a notice of intention to make a motion for a new trial. On May 3, 1943, the trial court made an order denying appellants' motion for a new trial. On May 28, 1943, appellants filed their notice of appeal with this court.

■ Having been taken within thirty days after the denial of the motion for a new trial, the appeal was in time. Section 939 of the Code of Civil Procedure provides that an appeal may be taken from a judgment within thirty days after the entry in the trial court of an order determining a motion for a new trial; therefore the motion to dismiss the appeal should be denied.

*Palomar Refining Co.* v. *Prentice,* 47 Cal.App.2d 572 [118 P.2d 322], relied on by respondent, is not here in point for the reason that the order in such case was one denying a motion for a change of venue. As more than sixty days had elapsed from the time the order was entered before the notice of appeal was filed, and the case did not fall within any provision of section 939 of the Code of Civil Procedure extending the time beyond sixty days within which an appeal might be taken, the appellate court was clearly right in refusing to entertain the appeal. The instant case, however, falls within the provision of section 939 of the Code of Civil Procedure which permits an appeal within thirty days after the entry in the trial court of an order terminating the proceedings on a motion for a new trial.

## II

On appeal from the judgment there are two questions necessary for us to determine which will be stated and answered hereunder seriatim.

First: *Was there substantial evidence to sustain the trial court's finding that (a) respondent and appellants had not entered into an agreement relative to the fees respondent should charge appellants for acting as attorney for the administrators of the estate of Warren D. Isenberg, deceased, (b) respondent rendered extraordinary services to the estate of Warren D. Isenberg, by (1) obtaining a reduction of the federal inheritance tax, (2) corresponding with ancillary administrators in Texas and Missouri, (3) obtaining a reduction in the state inheritance tax, (4) representing the estate in an unlawful detainer action in Kings County, California?*

This question must be answered in the affirmative, and is governed by the following pertinent rules:

■ (1) It is the general rule that on appeal an appellate court will (a) view the evidence in the light most favorable to the respondent, (b) not weigh the evidence, (c) indulge all intendments which favor sustaining the finding of

the trier of fact, and (d) not disturb the finding of the trier of fact if there is substantial evidence in the record in support thereof. (*California Emp. Com.* v. *Betthesda Foundation,* 54 Cal.App.2d 348, 350 [128 P.2d 874] ; *People* v. *Dukes,* 90 Cal.App. 657, 659 [266 P. 558].)

(2) When a finding of fact is attacked on the ground that there is not any substantial evidence to sustain it, the power of an appellate court *begins* and *ends* with a determination as to whether there is any substantial evidence contradicted or uncontradicted which will support the finding of fact. (*Estate of Winzeler,* 42 Cal.App.2d 246, 248 [108 P.2d 720] ; 2 McK. Dig. (1930), p. 701, Appeal and Error, sec. 1235.)

(3) The amount of compensation for extraordinary services rendered an estate by an attorney for an administrator rests in the discretion of the trial court, and its allowance will not be disturbed on appeal in the absence of a showing of a plain abuse of discretion. (*Estate of Neff,* 56 Cal. App.2d 728, 731 et seq [133 P.2d 413] ; *Estate of Hardenberg,* 18 Cal.App.2d 307, 310 [63 P.2d 1200].)

Applying the foregoing rules to the present case, an examination of the record discloses substantial evidence to sustain the questioned findings of fact, and each and every finding of fact upon which the judgment was necessarily predicated. For example:

(a) Respondent's testimony relative to any agreement that he had with appellants was as follows:

"Q. Did you have any agreement with him (J. W. Isenberg) regarding extraordinary fees or any extraordinary fees in your matter? A. We discussed the matter of ordinary and extraordinary fees, and I stated to them what ordinary fees covered, and that when anything of an extraordinary nature would come up we would discuss that, and we did discuss it on each and every occasion when money was borrowed, lawsuits filed, Howard and Comstock case, and all that.

"Q. With whom did you discuss it? A. Joe Isenberg.

"Q. Was Mrs. Copple present? A. No. Mrs. Copple never attended any conference of the estate except about twice."

(b) The record discloses that respondent (1) made and filed an affidavit for reappraisal of the estate with the federal government, and participated in a hearing which lasted five days and which resulted in a reduction of the federal

inheritance tax, (2) wrote fourteen letters relative to properties of the estate located in the states of Texas and Missouri, (3) was substituted as attorney for the administrators of the estate of Warren D. Isenberg, that at the time of such substitution, the appraised value of the estate was more than $70,000 and funds of the widow of decedent had been commingled with those of the estate, with the result that it took considerable time for respondent to correct the records in accordance with the actual facts, segregating the property belonging to the estate from that belonging to the widow of decedent, (4) did considerable research work in connection with a demurrer, briefs, findings of fact, and a motion for a new trial, in an unlawful detainer action filed on behalf of the estate in Kings County, California.

Further discussion of the evidence would serve no useful purpose. The evidence referred to above fully justified the trial court in finding that respondent had rendered extraordinary services for the administrators of the Isenberg estate, reasonably worth the sum of $1,400.

■ Second: *Was the judgment erroneous because it did not provide that it should be paid by the administrators in due course of administration?*

This question must be answered in the affirmative. So far as material here, the judgment read thus:

"Wherefore, by reason of the law and the findings of fact aforesaid, it is ORDERED, ADJUDGED AND DECREED BY THE COURT that petitioner, Arthur W. Kennedy, Esq., do have and recover from J. W. Isenberg and Dorthy I. Copple as administrators of the Estate of Warren D. Isenberg, also known as W. D. Isenberg, deceased, the sum of Fourteen Hundred ($1,400.00) Dollars."

Section 730 of the Probate Code provides that a judgment rendered against an administrator upon a claim for money against the estate of his testator must provide that it be paid "in due course of administration."

It is evident that the judgment in the instant case does not comply with the foregoing rule. (See *Bank of Stockton* v. *Howland,* 42 Cal. 129, 132.) Such error, however, is not prejudicial to appellants and may be rectified by a modification of the judgment. (*Weygandt* v. *Larson,* 130 Cal.App. 304, 311 [19 P.2d 852].)

For the foregoing reasons:

(1) The motion to dismiss the appeal is denied.

(2) The judgment is modified by adding at the end

thereof the words, "said sum to be paid in due course of administration." The judgment as modified is affirmed, respondent to recover his costs.

Moore, P. J., and Wood (W. J.), J., concurred.

A petition for a rehearing was denied March 29, 1944, and appellants' petition for a hearing by the Supreme Court was denied May 4, 1944.