[Civ. No. 14896. Second Dist., Div. Two. Apr. 26, 1945.]

ROSE ESTRIN, Respondent, v. TILLIE KASVINER, Appellant.

18

 

Albeck & Albeck for Appellant.

Harry G. Sadicoff and Edward I. Harris for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before the court without a jury in an action to quiet title to a parcel of real property from the cloud cast thereon by a recorded deed of trust unsatisfied of record, defendant appeals.

The evidence being viewed in the light most favorable to the plaintiff (respondent) and pursuant to the rules set forth in *Estate of Isenberg*, 63 Cal.App.2d 214, 216 et seq. [146 P.2d 424], the material facts are:

On November 10, 1925, plaintiff and her husband, who is now deceased, were owners of a parcel of real property in the city of Los Angeles. On such date plaintiff and her husband executed and delivered to defendant's husband, Leon Kasviner, who is also deceased, a promissory note in the sum of $3,000. They also executed and delivered a trust deed conveying the legal title to the real property above mentioned to the California Trust Company as trustee to secure the aforementioned promissory note. On July 1, 1929, plaintiff's husband conveyed to her his interest in the real property described in the trust deed. Defendant's husband died April 25, 1940, and she is the successor in interest to all his properties. Prior to November 10, 1928, the promissory note above mentioned and the interest due thereon were paid by plaintiff's husband to defendant's husband and the note was delivered to plaintiff's husband, who destroyed it.

 This is the sole question presented for our determination:

*Was there substantial evidence to support the trial court's finding that the promissory note for which the trust deed had*

*been executed and delivered as security had been paid in full?*

This question must be answered in the affirmative. Mr. Philip Garbus was called as a witness on behalf of plaintiff, and after testifying that he in 1925 was in the produce business in partnership with Mr. Estrin, husband of the plaintiff, with reference to the payment of the note gave evidence as follows:

"Q. And do you know whether any payments were made upon this note? A. I do. . . .

"Q. Do you know how long these monthly payments were made? A. It was made until it was paid off.

"Q. Well, do you remember whether there was—

"The Court: When was it paid off, if you know? A. I remember it was paid off in about close to three years, I believe, because I do remember—

"The Court: Never mind the reason; do you recall the fact? A. The fact is this, I recall when he came over with pride and he says, 'Phil, thank God this is paid off.' . . .

"Q. By the Court: Was that the original note? A. Yes, sir, it must have been.

"The Court: Not what it must have been; did you see it at the time? A. I saw it when he brought in that note, he said, 'Thank God that is paid off,' and he—

"The Court: Wait a minute.

"(Record read.)

"The Witness: (continuing) Tore it up.

"Mr. Albeck: If your Honor please, I understand that the statement that he said—

"The Court: 'Thank God' may go out as a conclusion, except I am allowing it to remain in to show the circumstances under which the document itself was exhibited. . . .

"Q. And I believe you testified that it was paid up in three years? A. Somewhere in three years, or less or more, I don't remember, but it was paid off. I remember when he came in with pride and says, 'That is paid off.' . . .''

In addition to the foregoing testimony, Mrs. Garbus, who was the bookkeeper for Mr. Estrin and Mr. Garbus commencing in December, 1925, testified thus:

"Q. Now, do you remember making any checks to Mr. Kasviner in connection with the note and trust deed? A. I did.

"Q. Will you please tell the court what you know about it? A. Well, we used to make checks out every month to Leon Kasviner on a note for $3,000.00.

"The Court: How large were those checks? A. $50.00 a piece.

"The Court: Was there ever any larger than $50.00 that you know of? A. Yes, I think about two and a half years later we made a check for over $1,000.00, but exactly the amount I don't remember.

"The Court: All right.

"Q. By Mr. Sadicoff: That was supposed to be in payment for what? A. In full for Leon Kasviner note."

The foregoing testimony without the slightest doubt constitutes substantial evidence to sustain the trial court's finding that the note in question had been paid in full.

Since no error appears in the record the judgment must be affirmed.

It is so ordered.

Moore, P. J., and Wood (W. J.), J., concurred.