[Civ. No. 15212.   Second Dist., Div. Two.   May 2, 1946.]

HELEN E. WHEELER, Appellant, v. CITIZENS NATIONAL TRUST & SAVINGS BANK OF LOS ANGELES (a National Banking Association) et al., Respondents.

Sprague & Sparks, Todd W. Johnson, Alva C. Baird and William S. Sprague for Appellant.

Cosgrove & O'Neil, Leonard A. Diether, John N. Cramer and Harry J. McClean for Respondents.

McCOMB, J.—From a judgment in favor of defendants after trial before the court without a jury in an action to recover the sum of $65,000 from the trustees of a trust alleged to have been paid to said trustees under a mistake, plaintiff appeals.

The evidence being viewed in the light most favorable to defendants (respondents) and pursuant to the rules set forth in *Estate of Isenberg*, 63 Cal.App.2d 214, 216 et seq. [146 P.2d 424], the essential facts are:

On April 11, 1941, plaintiff as trustor executed a written declaration of trust in which defendants Citizens National

Trust and Savings Bank of Los Angeles and John E. Wheeler were named as trustees. This declaration of trust provides, among other things, that (1) the trustor has the right to add real estate, securities, cash or other property to the corpus of the trust to be held by the trustees under the terms of the trust; (2) the trustor cannot revoke or alter the provisions of the trust, except that she reserved the right to withdraw at any time any property or money comprising part of the corpus of the trust estate, provided the aggregate of such withdrawals should not exceed the total market value of $50,000; (3) during the lifetime of the trustor the trustees are to pay to her an annuity of $12,000 a year out of the income or incomes and corpus of the trust estate; however, if the net income exceeds $12,000 in any one year, the trustees are to pay such excess to the trustor; and (4) upon the death of the trustor the trust is to terminate and the entire trust estate together with any income accrued or undistributed to the trustor on the date of her death is to be transferred, conveyed and distributed according to the trustor's last will or, in the event she fails to exercise this power of appointment, in equal shares to her issue *per stirpes*, and if there are no issue to her heirs at law, in accordance with the statutes of succession of the State of California.

Approximately four months after the execution of the declaration of trust a check in the sum of $65,000 representing the proceeds of sale of certain property located in the State of Washington was prepared by Mr. Wheeler for plaintiff's signature, naming the corporate trustee as payee. The check bore this notation: "For Helen Evans Wheeler Trust No. 8005." (This was the number of the trust created by plaintiff on April 11, 1941.) This check was accompanied by a letter addressed to the corporate trustee reading in part thus:

"I hand you herewith the sum of $65,000.00, to be placed in the principal account of the Helen E. Wheeler trust, No. 8005." These were delivered to the Citizens National Trust and Savings Bank of Los Angeles, which added the $65,000 to the corpus of the trust estate.

In April or May of 1944, plaintiff demanded that the corporate trustee return to her the sum of $65,000. She was informed that it was part of the trust estate, and that since the trust was irrevocable she was not entitled to withdraw any part of the sum.

On September 4, 1944, plaintiff commenced the present action against defendant seeking a judgment for $65,000, alleging that she had paid the money above mentioned under a mistake of fact, believing it was merely a loan and could be withdrawn at any time. The trial court found against plaintiff's contention.

Plaintiff urges reversal of the judgment upon the proposition that *there was not any substantial evidence to support the trial court's finding that plaintiff intended to exercise the right reserved to her in the declaration of trust to add further cash to the corpus of the trust, and that the $65,000 delivered to the corporate defendant accompanied by the letter of August 22, 1941, was not loaned to the trust for the purpose of improving certain property of the trust estate.*

This proposition is untenable. Bearing in mind the settled law in California that a party alleging mistake is bound to sustain his charge by clear and convincing evidence showing the mistake to the entire satisfaction of the court, and not leaving the mistake open to doubt*, the evidence sustains the questioned findings of the trial court. For example, the check plaintiff delivered to the trustees bore the notation, "For Helen Evans Wheeler, Trust No. 8005." The letter accompanying the check contained this statement:

"I hand you herewith the sum of $65,000, to be placed in the *principal account* of the Helen E. Wheeler trust, No. 8005." (Italics added.)

In addition to the foregoing evidence indicating that the money was to be deposited in the principal account of the trust estate the trustees furnished plaintiff on August 25, 1941, a quarterly statement which read thus:

"Principal Cash

8-25 Check from Trustor—addition to principal $65,000.00."

Plaintiff testified relative to this statement as follows:

"Well, I always read those things over from one end to the other, so I judge I probably noticed it at the time."

No objection was made by plaintiff that the money was deposited as part of the corpus of the estate until April or May of 1944.

From the foregoing evidence the trial court was justified

---

*(See 6 Cal.Jur. (1922), § 56, p. 92; *Moore* v. *Copp*, 119 Cal. 429, 436 [51 P. 630]; *Lepper* v. *Ratterree*, 98 Cal.App. 245, 255 [276 P. 1037].)

in drawing the inference that plaintiff delivered the $65,000 check to the corporate trustee with the intent that it should become part of the corpus of the trust estate and that she did not give it to the trustee with the understanding that it was to be loaned for the specific purpose of making repairs upon property of the trust estate; that as a result plaintiff did not act under any mistake when she delivered the sum to the Citizens National Trust and Savings Bank of Los Angeles.

It needs no citation of authority to support the proposition that this court must disregard conflicting evidence of plaintiff to the effect that she understood and intended that the sum should be merely a loan subject to be returned to her upon her demand.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wilson, J., concurred.