[Civ. No. 16712.  Second Dist., Div. Two.  Apr. 8, 1949.]

LULU BELLE WASHINGTON, Respondent, v. ALIOUS WASHINGTON, Appellant.

Porter & Ragland and Everette M. Porter for Appellant.

H. L. Richardson for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff in a divorce action awarding a parcel of real property in Los Angeles County to her as her separate property, defendant appeals.

## FACTS

On August 6, 1947, plaintiff filed a complaint for divorce from defendant on grounds of extreme cruelty. Thereafter defendant filed an answer and cross-complaint for divorce on the same grounds. Plaintiff by answer denied all material allegations of the cross-complaint. When the case was called for trial the trial judge suggested that they try first the question whether plaintiff was entitled to a divorce, stating, "If she gets a default divorce that won't deprive him of his rights to the property, we can try the divorce first and then hear the facts on the property." This procedure was followed and after evidence for both sides had been received the trial court granted an interlocutory decree of divorce to plaintiff and adjudged, "[A] that certain real property described as being in the City and County of Los Angeles, State of California, known as Lot 35, Block 7 of Howes Tract, as per map recorded in Book 16, page 6 of Miscellaneous Records in the office of the Recorder of said County, is the *separate property* of the plaintiff, Lulu Belle Washington. [B] It is further ordered, adjudged, and decreed that the said plaintiff, Lulu Belle Washington, pay the defendant, Alious Washington, the sum of $500.00 on or before six (6) months after the making of this order, as and for his share of any community property that may have been accumulated by the parties hereto." (Italics added.)

## QUESTIONS

First: *Was there substantial evidence to sustain the trial court's finding that the real property described in paragraph "A" of the decree was the separate property of plaintiff?*

This question must be answered in the affirmative. Plaintiff testified relative to the purchase of the real property as follows:

"Q. There is a certain piece of real property here that is in dispute. Tell the court how you came to buy that. A. Well, we were living in a rented house, I had a grandbaby to take care of, and the lady was fixing to evict us from the home, and I talked to Mr. Washington about buying the house. He said he wasn't going to buy a house for a lot of widows to

live in. *I advanced the money*—— Q. How much was that? A. $1,200.00. I lacked $200 of having enough, and I borrowed this from Mr. Scherer. Q. *Who has made the payments on the property since you purchased it?* A. *I have.* (Italics added.) . . . Q. Isn't it also a fact that your husband gave you the money to make every payment that was made? A. He has not given me one cent on the place but $125, and I had the house six months before that.''

This testimony clearly supported the trial court's finding that the real property was the separate property of plaintiff since it was purchased with her money. This being true it is unnecessary for us to consider evidence presented by defendant which might have sustained a contrary finding in view of the rule that when a finding of fact is attacked on the ground that there is not any substantial evidence to sustain it, the power of an appellate court *begins* and *ends* with a determination as to whether there is any substantial evidence contradicted or uncontradicted which will support the finding of fact. (*Estate of Isenberg,* 63 Cal.App.2d 214, 217 [146 P.2d 424].)

█ Second: *Did the trial court err in awarding defendant the sum of $500 for his interest in any community property of the parties?*

This question must be answered in the negative for the reason that if a divorce is granted on the ground of extreme cruelty the trial court has the power to assign any community property to the respective parties in such proportions as the court from the facts of the case and the condition of the parties may deem just. (Civ. Code, § 146.)

In the present case the trial judge in dividing the community property between the parties has applied the foregoing rule.

Affirmed.

Moore, P. J., and Wilson, J., concurred.