[Civ. No. 16893.   Second Dist., Div. Two.   May 6, 1949.]

RUTH DENMEAD, Appellant, v. MRS. L. B. GRAY et al., Respondents.

Louis C. Spiess, Jr., for Appellant.

John D. Gray and William Ellis Lady for Respondents.

McCOMB, J.—This is an appeal by plaintiff from a judgment in favor of defendants after trial before the court without a jury in an action to recover secret profits made by defendants while allegedly acting as agents for plaintiff.

Plaintiff purchased a piece of property known as 602 South New Hampshire Street, Los Angeles, for the sum of $28,000. She contended at the time of the trial that defendants were acting as her agents to purchase the property and that they in effect knew that the property could be purchased from the owner for $22,000, and purchased it at the latter price and resold it to plaintiff for the sum of $28,000, thereby making a secret profit. Defendants denied that they were acting as agent for plaintiff and the trial court found as follows: ''That it is untrue that defendants Mrs. L. B. Gray and Grace Tate were the agents of plaintiff during the times mentioned in plaintiff's complaint.''

### QUESTION

*Was there substantial evidence to sustain the trial court's finding that defendants were not the agents of plaintiff at the time she purchased the real property above mentioned?*

This question must be answered in the affirmative. When a finding of fact is attacked on the ground that there is not any substantial evidence to sustain it, the power of an appellate court *begins* and *ends* with the determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the finding of fact. (*Estate of Isenberg*, 63 Cal.App.2d 214, 217 [146 P.2d 424].)

Applying this rule to the facts of the present case, an examination of the record discloses testimony of each of the defendants that they did not enter into any agreement with plaintiff whereby they were to purchase the property jointly with her or as her agent. Such testimony sustains the above questioned finding of fact. Therefore, plaintiff failed to establish one of the essential allegations of her complaint and the judgment was properly entered in favor of defendants.

Affirmed.

Moore, P. J., and Wilson, J., concurred.