[Civ. No. 17588.   Second Dist., Div. Two.   June 15, 1950.]

HERMAN KLEINBERG et al., Appellants, v. UNDERWRITERS AT LLOYD'S LONDON (an Association), Respondent.

Louis Titlebaum for Appellants.

Reed & Kirtland and Henry E. Kappler for Respondent.

McCOMB, J.—From a judgment in favor of defendant after trial before the court without a jury in an action to recover on a policy insuring against loss by theft, plaintiffs appeal.

*Facts:* On or about January 9, 1947, defendant issued to plaintiffs, Herman Kleinberg, Lillian Kleinberg and Henry B. Feltenberg, doing business as Henry's Liquors, a policy insuring them against loss by inside or outside holdup in an amount not exceeding $5,000. Plaintiff Herman Kleinberg and his wife owned a gasoline station which was immediately adjacent to the liquor store where they did business as the H. & L. Service Station. They also operated a check cashing service. There was no connection between the H. & L. Service station and the business known as Henry's Liquors.

On or about January 1, 1948, bandits entered the premises and took money totaling $1,132.48 and merchandise of the value of $88.67 from Henry's Liquors store for which defendant reimbursed plaintiffs. In addition the bandits took the sum of $2,683 in cash from the office of the liquor store which sum is the subject of the present litigation. The trial court found that the $2,683 was money belonging to persons doing a separate and distinct business from that of plaintiffs, and that therefore the loss did not fall within the terms of the policy issued by defendant.

*Question: Was there substantial evidence to sustain the above findings of the trial court?*

This question must be answered in the affirmative bearing in mind the rule set forth in *Estate of Isenberg,* 63 Cal.App.2d 214, 217 [146 P.2d 424].

It is conceded that defendant issued the policy of insurance mentioned above to plaintiffs, and that the loss incurred by Henry's Liquors store in the sum of $1,132.48 and merchandise of the value of $88.67 was paid by defendant. It is also conceded that the sum of $2,683 which is the subject of the present suit was money belonging to and used in the check cashing business. A witness, Crandall, testified that he had a conversation with plaintiff Herman Kleinberg with reference to the ownership of the check cashing activity and that said plaintiff stated, "that the check cashing business had nothing whatever to do with the liquor store operation; that that was his personal business." Also Mr. and Mrs. Kleinberg informed witness Mushet in a conversation after the holdup "that the check cashing business was theirs, and not a part of Henry's Liquor store."

Clearly such evidence sustained the trial court's finding that the check cashing business was not the business of plaintiffs, and that therefore the loss incurred in connection with such business was not covered by the policy of insurance issued by defendant and the court properly gave judgment against plaintiffs.

Affirmed.

Moore, P. J., and Wilson, J., concurred.