[Civ. No. 18423.   Second Dist., Div. Two.   Dec. 11, 1951.]

EMMA COPPLE, Appellant, v. CATHERINE E. LAZZAREVICH et al., Respondents.

CATHERINE E. LAZZAREVICH, Respondent, v. JOHN LAZZAREVICH et al., Appellants.

Eugene L. Wolver for Appellants.

Henshey & Beeman for Respondents.

McCOMB, J.—Catherine E. Lazzarevich recovered a judgment against John Lazzarevich and an appeal was taken therefrom. The District Court of Appeal on November 19, 1948, modified the judgment by increasing the amount thereof to the sum of $10,277.50. (*Lazzarevich* v. *Lazzarevich*, 88 Cal.App.2d 708 [200 P.2d 49].) The Supreme Court on January 17, 1949, denied a petition for hearing and on January 24, 1949, the remittitur was duly filed in the office of the county clerk.

After the Supreme Court had denied a hearing and prior to the date of the filing of the remittitur, John Lazzarevich executed and recorded a deed by which he purported to convey an undivided one-half interest in certain real property to his sister, Emma Copple. Catherine Lazzarevich was the owner of the other half.

Thereafter Catherine Lazzarevich filed an action against John Lazzarevich, Emma Copple and James Copple seeking to set aside the conveyance upon the ground it was fraudulent. Emma Copple filed the present action for a partition of the same property and for an accounting of the proceeds thereof.

The actions were tried together and the trial court gave judgment (1) in the action brought by Emma Copple denying her any relief; (2) in the action of Catherine Lazzarevich in favor of plaintiff upon the ground the purported conveyance by John Lazzarevich of one-half interest in the property to Emma Copple, his sister, was a fraudulent conveyance.

From each judgment the unsuccessful party appeals.

*Facts:* Bearing in minds the rules set forth in *Estate of Isenberg,* 63 Cal.App.2d 214, 216 [146 P.2d 424], the record discloses these facts:

John Lazzarevich and Catherine Lazzarevich were married on March 18, 1921. On March 18, 1932, he obtained an interlocutory decree of divorce from his wife. In July, 1935, they became reconciled, but, though a final decree of divorce had been entered prior thereto, they were never remarried during the period of reconciliation.

Mr. Lazzarevich as a veteran purchased the real property here in question and later assigned a one-half interest in such property to Mrs. Lazzarevich.

Thereafter the parties again separated and he went to live with his sister, Emma Copple, and her husband for the period from April 1, 1946 to the end of 1948.

*Questions:* First: *Was there substantial evidence to sustain the trial court's findings that (a) the conveyance from John Lazzarevich to Emma Copple was without consideration, (b) Emma Copple held one-half interest in the real property in question as a secret trust for Mr. Lazzarevich, and (c) Leva DeMerce who had the active management of the property had accounted to Mr. Lazzarevich for all moneys pertaining thereto coming into her hands?*

*Yes.* ▮ (a) and (b). The record discloses that, subsequent to the entry by the Supreme Court of the order denying a hearing on the judgment obtained by Mrs. Lazzarevich against Mr. Lazzarevich, and the issuance of the remittitur, he had conveyed to his sister his undivided one-half interest in the property which he owned jointly with his wife. The claimed consideration for the conveyance was the fact

that he was living with his sister and she was providing his meals as well as doing laundry service for him.

Catherine Lazzarevich testified that during the time she had lived with Mr. Lazzarevich he never ate anything for breakfast but toast and coffee, and just prior to their separation he stopped drinking coffee and started drinking postum. This testimony was corroborated by Lois Rufer, the daughter of the couple.

Emma Copple testified that she had no agreement with her brother as to what he would pay for his board, and later testified he agreed to pay $3.50 a day for his meals at the time he started living with her.

The testimony further disclosed that though Mrs. Copple said she did laundry work for Mr. Lazzarevich, the record also disclosed she did not do the laundry work for her husband.

Clearly it was a question for the trial court to determine from this and other evidence introduced whether there was a valid consideration for the conveyance.

▬ A finding of fraud and want of consideration frequently depends on inferences drawn from the circumstances surrounding a transaction. (*Moore* v. *McDonald,* 122 Cal. App. 61, 69 [9 P.2d 556] ; *Taylor* v. *Osborne-Fitzpatrick Finance Co.,* 57 Cal.App.2d 656, 661 [135 P.2d 598] ; *Dyke* v. *Zaiser,* 80 Cal.App.2d 639, 654 [182 P.2d 344].) ▬ The trial court was justified in view of the above facts in determining that there was no consideration for the deed which Mr. Lazzarevich had executed and that Mrs. Copple held the one-half interest in trust for him.

▬ (c) Leva DeMerce testified that she fully accounted for all moneys collected by her to Mr. and Mrs. Lazzarevich. This supports the questioned finding.

▬ Second: *Was there substantial evidence to sustain the trial court's finding that it was not true that Mr. Lazzarevich had advanced the major portion of the consideration paid for the premises?*

*No.* However such finding was immaterial in view of the fact that there was no material issue before the trial court relative to who paid the original consideration for the deed by which the property was conveyed to the Lazzareviches.

▬ Neither is there any merit in the contention that the omnibus finding of the trial court "that except as otherwise hereinabove specifically found" all the allegations of respondents' pleadings are true and all the allegations of appellants'

pleadings are untrue did not support the judgment, for the reason that as hereinabove mentioned the trial court made specific findings holding that Mrs. Copple gave no consideration for the deed to her, and it was made fraudulently for the purpose of defeating Mrs. Lazzarevich in her endeavor to enforce the judgment which she had obtained against her former husband.

Third: *Did the trial court err in not taking an accounting as prayed by Mrs. Copple in her action?*

*No.* Since the trial court found that the deed to her was fraudulent and executed with a fraudulent intent on the part of Mr. Lazzarevich, she had no right to an accounting from the assignment in the deed which read as follows:

"Grantor, John L. Lazzarevich, further assigns, transfers, conveys and sets over, to and unto grantee, Emma Copple, as her sole and separate property, any and all rights, claims, demands, interests or choses in action, either in law or in equity, of all types and descriptions, which grantor may have against any and all persons, firms, corporations or organizations concerning or arising out of said property, the obtaining of rents, monies, profits or interests therefrom, or therein, and the accounting or accountings therefor."

The deed having been found to be fraudulent, the assignment contained therein was tainted with the same fraud and could not be the basis for a cause of action for an accounting. The trial court thus in fact disposed of all the issues raised in the pleadings.

Affirmed.

Moore, P. J., concurred.