[Civ. No. 18874.   Second Dist., Div. Two.   Oct. 2, 1952.]

C. R. PILKINTON, Appellant, v. R. P. DAVIS, Respondent.

Warren J. Ferguson for Appellant.

J. B. Tietz for Respondent.

McCOMB, J.—From a judgment in favor of defendant after trial before the court without a jury in an action to recover the contract price for the transportation of defendant's cattle by plaintiff, plaintiff appeals.

  *Facts:* Plaintiff instituted an action to recover $618 for work and services performed for defendant in transporting two truck loads of cattle from Strawberry, Nevada to Blythe, California.

Defendant answered and filed a counterclaim for $4,424, claiming that plaintiff negligently transported the cattle and falsely represented to defendant that he would obtain 100 per cent insurance coverage on the shipment.*

The trial court gave judgment in favor of defendant and against plaintiff in the sum of $2,362.

■ *Questions:* First: *Was there substantial evidence to sustain the trial court's finding. that plaintiff negligently handled defendant's cattle resulting in injury to them?*

*Yes.* Bearing in mind the rule announced in *Estate of Isenberg,* 63 Cal.App.2d 214, 217 [146 P.2d 424], the evidence disclosed that plaintiff's driver, when the cattle were loaded, gave defendant a receipt reading as follows: "On November 26, 1949, I received in good shape 15 cows, 69 steers, Jack K. Luce. Witnessed by Bonnie Hooper."

A witness testified that when the cattle reached Ely, Nevada, they were drawn and gaunt; not in fit condition to be insured. The inference inevitably results that the cattle were not properly handled in transportation, from the Hooper ranch where plaintiff received them, to Ely, Nevada, and therefore supports the trial court's finding of negligence upon the part of plaintiff in view of the fact there was testimony that cattle ordinarily received were not in such condition, but were in good and insurable condition.

■ Second: *Was there substantial evidence to sustain the trial court's finding that defendant's damage was $2,362?*

*Yes.* The evidence disclosed that the animals that died as a result of plaintiff's negligence were worth $800; that a steer which was lost weighed around 800 pounds, and was worth 22 cents per pound, or a total of approximately $176; that the normal shrinkage in shipments of this class is 8 per cent, and that the actual shrinkage due to plaintiff's negligence was 18 per cent, therefore there was a shrinkage of 10 per cent over the normal in the present case.

The evidence disclosed, predicated upon the foregoing finding, that the difference in the value of the cattle when received by plaintiff and when they reached their destination was $2,980. Since plaintiff was entitled to a credit of $618, the contract price for the shipment, defendant's damage was $2,362, the sum for which the court gave judgment in favor of defendant.

---

*The action was duly transferred to the superior court for trial.

It is obvious that the questioned finding is supported by the evidence.

Affirmed.

Moore, P. J., and Fox, J., concurred.

A petition for a rehearing was denied October 21, 1952.