HALBERT, J.
This is an action in claim and delivery. The plaintiff and appellant is the former husband of the defendant and respondent. Plaintiff, by this action, seeks to recover a piano and bench from the defendant. Plaintiff *893 contends that he permitted the defendant to take possession of the piano and bench in order to enable the daughter of the parties to take piano lessons, but that he did not at the time of the delivery of the piano and bench to her intend, and in fact has never intended, to make a gift of the piano and bench to the defendant. The defendant contends that the plaintiff made a gift of the piano and bench to her. The trial court rendered judgment in favor of the defendant.
Plaintiff has failed to direct our attention to any error of law which he claims was committed by the trial court. His entire argument is based upon the theory that the trial court was wrong in believing the defendant. While different in fact, this is tantamount to the legal argument that the evidence is not sufficient to support the judgment of the trial court.
The rules of law which apply to appeals to other appellate courts of this state apply with equal force to appeals from the municipal court to this court (Mastrofini v. Swanson, 114 Cal.App.2d Supp. 848, 850 [250 P.2d 764]).
Plaintiff’s statement in lieu of the reporter’s transcript asserts as a fact that the defendant testified that the plaintiff said that he would buy a piano and bench for. her; that he did purchase the piano and bench for her; and that he never told her that he was giving her the piano arid bench temporarily. Under these circumstances, the most favorable thing that can possibly be said on behalf of the plaintiff is that there is a conflict in the evidence. Even if conflicting, the evidence must be resolved in favor of the defendant. (Pewitt v. Riley, 27 Cal.2d 310 [163 P.2d 873]; Estate of Isenberg, 63 Cal.App.2d 214 [146 P.2d 424]; Grant v. Scott, 114 Cal.App.2d 728 [251 P.2d 25].) To state the matter in another way, the rule is that where witnesses differ, the power and duty to determine the conflict rests with the trial court and its decision is final in such matters. This rule is laid down in Lovelady v. Sacramento City Lines, 102 Cal. App.2d 28 [226 P.2d 722], where the court at page 29, pertinently notes, in connection with the rule, that
“It appears futile to repeat this státement .which, though it runs through the decisions like a monotonous refrain, seems never to reach the consciousness of attorneys for appellants.”
Furthermore, a motion. for a new trial was made in this case, and the trial court, after considering the motion, denied it. ■ This, we believe, confirms the fact -.that the trial court was satisfied with its original determination of the.issues, and intended to do just what it did in this case.
*894 The plaintiff has attempted to appeal from the trial court’s order denying his motion for a new trial. Only those orders or judgments specifically set forth in Code of Civil Procedure section 983 are appealable (4 Cal.Jur.2d 719). The denial of a motion for a new trial is not listed as an appealable order, so plaintiff’s attempted appeal from this order must be dismissed.
The judgment is affirmed and the attempted appeal from the order denying a new trial is dismissed.
Chamberlain, J., concurred.
Hawkins, J., deeming himself disqualified, did not participate in this decision.