[Civ. No. 20887.   Second Dist., Div. Two.   Nov. 30, 1955.]

HOWARD PACKING COMPANY, INC. (a Corporation) et al., Respondents, v. MEAT CUTTERS AND BUTCHERS WORKMEN OF AMERICA, LOCAL NO. 563 et al., Appellants.

(Civ. No. 20888.   Second Dist., Div. Two.   Nov. 30, 1955.]

GILBERT R. GARCIA et al., Appellants, v. HOWARD PACKING COMPANY, INC. (a Corporation) et al., Respondents.

David Sokol and Fred Rothfare for Appellants.

William C. Stein and McLaughlin & Casey for Respondents.

McCOMB, J.—On December 7, 1953, plaintiffs Howard Packing Company and Gianni Packing Company filed a complaint in the superior court, Los Angeles County Number 622088, for an injunction against defendant Meat Cutters and Butchers Workmen of America, Local Number 563, and defendants J. J. Rodriguez and Chubby Cornwell, union officers, to restrain picketing activities on the ground that such activities violated the California Jurisdictional Disputes Act. (Lab. Code, §§ 1115-1120.)

Thereafter, an action was filed in the same court, Number 622387, against Howard Packing Company and Gianni Packing Company, and a labor union known as Association of Food Handlers and its executive secretary, Walter J. Schmidt, by six employees who claimed to have been discharged because they had joined the Meat Cutters and Butchers Union of America, Local Number 563. In such action the employees sought to be reinstated to their jobs with back pay, and to have all defendants restrained from interfering with their employment.

Both the above actions were by stipulation consolidated for trial. After trial, before the court without a jury, judgment was rendered in the first action in favor of plaintiffs, enjoining defendants' picketing activities. In the second action the court gave judgment in favor of defendants, denying plaintiffs any relief.

The appeals by defendants in the first action and plaintiffs in the second action have, by stipulation, been consolidated for determination by this court.

Viewing the evidence pursuant to the rules set forth in *Estate of Isenberg,* 63 Cal.App.2d 214, 216 [2], et seq. [146 P.2d 424], (see also cases in 6 West's Cal.Dig. (1951), Appeal and Error, § 931(1), p. 423 et seq., and § 1001(1), p. 679 et seq.) the record discloses these facts:

Howard Packing Company, Inc., has been canning dog food at its premises at 3328 East 45th Street in Los Angeles, California, since April, 1953, and Gianni Packing Company, Inc., at the same time was operating a slaughter house for the production of horse meat on adjoining premises at 3224 East 45th Street up to October 9, 1953, at which time it terminated all its operations and leased its premises to Mayfair Packing Company.

About the 9th of September, 1953, Arthur Eaton, a business representative of the Meat Cutters and Butchers Workmen of America, called upon Albert Gianni, president and general manager of each of the foregoing companies, and requested him to sign a contract with the Meat Cutters and Butchers Workmen of America. At this time Mr. Gianni told Mr. Eaton that it was not his business to go to the employees; that he had no right to sign a contract until the employees decided what they wanted to do. Subsequently, Mr. Eaton brought a contract to Mr. Gianni, and Mr. Gianni told him to leave it on his desk and he would look it over.

After visiting with the employees two or three times, and with the plant foreman, Mr. Huerta, Mr. Eaton arranged to meet with Edward Montez, Roberto Nava, Miguel Sandoval, Cecelio Rodriguez and Ramon Garcia (plaintiffs in the second action, set forth above) on September 28, 1953. At that time Mr. Huerta told Mr. Eaton the employees desired to join the union, whereupon Mr. Eaton obtained their signatures on application cards.

On September 30, 1953, Mr. Gianni instructed his foreman to lay off the employees of the Howard Packing Company because they had a surplus of canned dog food on hand. Accordingly the employees were laid off and told to come back to work in a few days. At a subsequent date these employees were asked to resume their employment but refused to go back to work. After the employees' refusal to return to their work the Howard Packing Company sought and obtained new employees who thereafter joined the Association of Food Handlers.

### Contentions

The appealing parties contend:

First: *That there is not any substantial evidence to sustain the trial court's findings*:

(a) *That the appealing plaintiffs in action Number 622387, have not been discharged because they joined the union;* and

(b) *That .the Association of Food Handlers was not a company-dominated union.*

*Also, that there was no finding*:

(c) *That Mr. Loza was a supervisory employee, and therefore his aid to Mr. Schmidt in getting the new employees signed up in the Association of Food Handlers tainted their membership to the extent that plaintiff Howard, in action Number 622088, was not entitled to invoke the Jurisdictional Disputes Act.*

These contentions are devoid of merit for these reasons:

█ (1) Witnesses gave direct testimony that the plaintiffs in action Number 622387 were not discharged because of the fact they had joined the union, but they were laid off because the company had an oversupply of canned dog food on hand. This evidence, believed by the trier of fact, sustains the first questioned finding.

█ (2) There is no evidence that the Association of Food Handlers was a company union. In addition, the National Labor Relations Board, by certifying the association as the bargaining representative for the employees, determined this question adversely to the appealing parties' contention, and since they were parties to the hearing before such board, such determination is binding upon them. There is no evidence that the employer companies financed in whole or in part, or interfered with, dominated or controlled the Association of Food Handlers. The record discloses that the employers fully complied with the requirements of section 923 of the Labor Code, which reads as follows:

"Therefore it is necessary that the individual workman have full freedom of association, self-organization, and designation of representatives of his own choosing, to negotiate the terms and conditions of his employment, and that he shall be free from the interference, restraint, or coercion of employers of labor, or their agents, in the designation of such representatives or in self-organization or in other concerted activities for the purpose of collective bargaining or other mutual aid or protection."

Since the foregoing evidence sustains the questioned findings, no useful purpose would be served by setting forth *in*

*extenso* a plethora of other evidence, all tending to support the trial court's findings.

(3) There was an implied finding that Mr. Loza was not a supervisory employee, which was supported by the evidence. There was direct evidence that Mr. Loza was not a foreman but was merely a lead man; that Mr. Gianni supervised the plant himself, therefore Mr. Loza did not have the right to hire or fire. In addition, the uncontroverted evidence discloses that the defendant union signed all of its members with the aid of Mr. Huerta who was, in fact, the foreman. Under the Labor Management Relations Act, a lead man is not a part of management, especially in a small plant having a few employees. The applicable rule is well stated in *Wayside Press, Inc.* v. *National Labor Relations Board,* 206 F.2d 862, 866, as follows:

"Most of the evidence by which the Board seeks to tie Wayside to the formation and administration of the Independent Union is based upon the acts of foremen. It must be borne in mind that acts of such minor supervisory employees must be considered in their setting. *National Labor Relations Board* v. *Link-Belt Co.,* 311 U.S. 584, 599 [61 S.Ct. 358, 85 L.Ed. 368] (7 L.R.R.M. 2971). Here the foremen were union members who spent no more than 20 to 25% of their time in a supervisory capacity. Wayside is a small plant, employing some sixty persons. To attempt, as the Board has done, to apply the same standards to such a plant as are applied to plants employing hundreds of persons with full-time supervisory employees is to ignore reality."

Second: *The trial court erred in excluding evidence that the Association of Food Handlers was originally formed under the sponsorship of Lewis Food Company, a company which was wholly independent of the Howard Packing Company and the Gianni Packing Company.*

The trial court's ruling was correct.

The appealing parties sought to elicit testimony from a former plant manager, Wendell Stratton, of Lewis Food Company that such company had paid certain costs in connection with the original formation of the Association of Food Handlers in January, 1951. The trial court rejected this testimony.

The evidence was entirely immaterial to any issue pending before the trial court. Neither of the employers was involved or in any way connected with the Lewis Food Company, and the fact that the Lewis Food Company at some time in the

398

past might have dominated the association would in no way prove or tend to prove, or give rise to the slightest inference, that the Howard Packing Company or Gianni Packing Company dominated such association.

**Third:** *The Jurisdictional Strike Act is in violation of the First and Fourteenth Amendments to the Constitution of the United States, and article I, sections 9 and 10 of the Constitution of the State of California.*

This contention is devoid of merit, as the appealing parties concede in their brief that the Supreme Court of the State of California has upheld this legislation. (See *Seven Up Bottling Co.* v. *Grocery Drivers Union,* 40 Cal.2d 368, 380 [9] [254 P.2d 544, 33 A.L.R.2d 327]; *Voeltz* v. *Bakery & Confectionery Workers Intl. Union,* 40 Cal.2d 382 [254 P.2d 553]; *Sommer* v. *Metal Trades Council,* 40 Cal.2d 392 [254 P.2d 559]; *In re Kelleher,* 40 Cal.2d 424 [254 P.2d 572].)

The judgments are, and each is, affirmed.

Moore, P. J., and Fox, J., concurred.

A petition for a rehearing was denied December 20, 1955, and appellants' petition for a hearing by the Supreme Court was denied January 25, 1956. McComb, J., did not participate therein.