VIC HAVAS AND TYRONE HAVAS, DBA AAA AUTO LEASING AND RENTAL, APPELLANTS, v. LETA HAUPT, RESPONDENT.

No. 9212

September 12, 1978                                583 P.2d 1094

*Paul V. Carelli, III,* Las Vegas, for Appellants.

*James E. Rogers,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Appellants commenced this action for damages and replevin of a 1971 Lincoln Mark III automobile which they had leased to respondent. The district court found that appellants had fraudulently procured respondent's signature on the lease agreement and granted judgment in favor of respondent. Appellants contend (1) the evidence was insufficient to sustain a finding of fraud and, (2) the district court erred in denying their motion for a new trial. We disagree.

1. On June 21, 1971, respondent went to AAA Auto Leasing and Rental in Las Vegas for the purpose of leasing a 1971 Lincoln Mark III automobile. After discussing various lease and purchase arrangements with appellant Vic Havas, respondent agreed to enter into a lease providing for 24 monthly payments of $225, with an option to purchase the automobile upon termination of the lease. Vic Havas then prepared a standard form lease agreement. After he had completed the lease, Havas informed respondent that he had inadvertently placed the carbon paper between the pages of the lease backwards and therefore he would have to re-write the lease. Respondent stated that she was in a hurry and agreed, at Havas's request, to sign a blank lease which Havas promised to fill in later.

Respondent made payments pursuant to her lease agreement and, after her last payment, notified Havas that she wanted to

exercise .her option to purchase the automobile. Havas informed her that the purchase price would be $5,115 and produced a copy of the lease which contained a hand-written notation that the "open end lease last payment will be $5115.00." Respondent contended the purchase price agreed to by the parties was $4,115.[1] The district court concluded that Vic Havas had fraudulently procured respondent's signature on the blank lease for the purpose of filling in the figure of $5,115 rather than the agreed upon figure of $4,115. In our view, this finding is supported by clear and convincing evidence and, thus, will not be disturbed on appeal. Havas v. Alger, 85 Nev. 627, 461 P.2d 857 (1969).

2. Appellants also contend the district court abused its discretion in refusing to grant a new trial. They argue that respondent's failure to call Mr. Page, a witness which she had, in answers to written interrogatories, stated she intended to call at trial, constituted "surprise which ordinary prudence could not have guarded against. . . ." NRCP 59(a). This failure, they conclude, materially prejudiced their right to a fair trial.

The grant or denial of a new trial based upon a claim of "surprise" lies within the sound discretion of the trial court. Bott v. Wendler, 453 P.2d 100 (Kan. 1969); Lusher v. Silver, 161 P.2d 472 (Cal.App. 1945). The "surprise" contemplated by NRCP 59(a) must result from some fact, circumstance, or situation in which a party is placed unexpectedly, to his injury, without any default or negligence of his own, and which ordinary prudence could not have guarded against. See Jennings v. American President Lines, 143 P.2d 349 (Cal.App. 1943). Here, appellants were notified before trial that respondent was not going to call Page to testify. At this juncture, it was incumbent upon appellants to take any action necessary to protect their own interests. Their failure to either exercise reasonable diligence to procure Page's testimony or seek a continuance to allow them to subpoena Page precludes a claim of "surprise."[2] Baker v. Berreman, 142 P.2d 448 (Cal.App. 1943). Under these circumstances, the trial court did not abuse its discretion in denying the motion for a new trial.

---

[1]Appellants contend oral evidence contradicting the $5,115 figure contained in the written lease is barred by the parol evidence rule; however, that rule is inapplicable where, as here, the proffered evidence demonstrates fraud in the procurement of the lease. See Havas v. Alger, 85 Nev. 627, 461 P.2d 857 (1969), involving appellant Vic Havas's fraudulent procurement of an automobile sales contract.

[2]Appellants conceded in their reply brief that they could have insured Page's testimony by serving him with a subpoena.

Appellants' other assignments of error are without merit and, accordingly, the judgment is affirmed.[3]

---

[3]The Governor designated the Honorable Merlyn H. Hoyt, Judge of the Seventh Judicial District, to sit in the place of THE HONORABLE JOHN MOW-BRAY, Justice, who was disqualified. Nev. Const: art. 6, § 4.